· [Civil No. 4653.  Filed December 13, 1943.]

[145 Pac. (2d) 846.]

THE INDUSTRIAL COMMISSION OF ARIZONA, Petitioner, v. ARIZONA STATE HIGHWAY COMMISSION; J. M. SMITH, L. W. CRESS, H. O. PACE, E. H. McEACHREN, and KEMPER MARLEY, as members of and constituting the Arizona State Highway Commission, Respondents.

Mr. Fred O. Wilson and Mr. H. S. McCluskey, for Petitioner.

Mr. A. R. Lynch, Assistant Attorney General, Special Counsel for Arizona Highway Department, for Respondents.

Mr. Z. Simpson Cox, *Amicus Curiae* on Motion for Rehearing.

ROSS, J.—This is an original action in this court in which the petitioner, the Industrial Commission of Arizona, seeks by *mandamus* to compel the State Highway Commission to pay the premiums on the salaries of certain of the latter's employees.

The State Highway Commission employs the following named personnel, and pays them the amounts set opposite their respective names:

| | |
|---|---|
| State Highway Engineer | $600.00 per month |
| Assistant State Highway Engineer | 475.00 per month |
| Secretary of the Highway Commission | 300.00 per month |

| | |
|---|---|
| Attorney for Highway Commission | 400.00 per month |
| Superintendent of Motor Vehicle Division | 400.00 per month |
| Superintendent of Highway Patrol | 350.00 per month |
| Asst. Superintendent of Highway Patrol | 275.00 per month |
| Chief Clerk of Motor Vehicle Division | 340.00 per month |
| Superintendent of Motor Carriers | 225.00 per month |
| Supervisor of Titles | 225.00 per month |
| Supervisor of Gas Refunds | 225.00 per month |

upon whom it carries no compensation insurance, contending that the law does not require it to insure them.

The Industrial Commission, charged with the duty under the Workmen's Compensation Law (sections 56–901 to 56–977, Arizona Code 1939, as amended) of administering such law, has brought this action in *mandamus* against the Highway Commission and its members to compel them to insure said employees (and keep them insured) in the state compensation fund, and asks for judgment for accrued premiums on their salaries from April 1, 1942, to and including December 31, 1942, in the sum of $843.16 and a declaration of their duty subsequent to said date. The Highway Commission denies that it is required to insure its employees, for reasons hereafter explained, who receive salaries in excess of $2,400 per year, or later, under an amended law, $3,600 per year.

█ The state and its subdivisions as "employers" are subject to the provisions of the Workmen's Compensation Law, Section 56–928; and Section 56–935 provides that the state and its subdivisions therein enumerated must insure their "employees" in the compensation fund. The question is, what "employees" did the legislature intend to have insured in such fund—all or just some? To answer the question we must look to other provisions of the Workmen's Compensation Law.

Section 56–929, as originally passed by the seventh legislature, reads as follows:

"Employee, Workman and Operative.—The terms 'employee,' 'workman,' and 'operative,' as used in this act, shall be construed to mean:

"(1) Every person in the service of the state, and of every county, city, town, municipal corporation, or school district, including regular members of lawfully constituted police and fire departments of cities and towns, under any appointment or contract of hire, express or implied, oral or written, except any elective official of the state, or of any county, city, town, municipal corporation, or school district therein, or other official receiving more than $2,400.00 per year salary. . . . " Sec. 45, Chap. 83, Session Laws 1925.

Said section, as amended by Chapter 65, Session Laws 1943, now reads:

"Sec. 56-929. 'Employee,' 'Workman,' 'Operative.' (a) In this article, unless the context otherwise requires, the terms 'employee,' 'workman,' and 'operative' mean: 1. every person in the service of the state, or of a county, city, town, municipal corporation, or school district, including regular members of lawfully constituted police and fire departments of cities and towns, under appointment of contract of hire, except the elective officials and except officials receiving more than three thousand six hundred dollars ($3,600) per year salary, . . . "

This amendment passed as an emergency measure and became effective March 19, 1943.

Thus it is seen that these sections define "employee" to mean (unless the context otherwise requires) "every person in the service of the state," or of its enumerated subdivisions, "except the elective officials and except officials receiving more than three thousand six hundred dollars ($3,600) per year salary."

It is seen that some persons in the service of the state and its subdivisions are not employees thereof within the meaning of this statute. Among these are

elective officials and officials receiving a yearly salary of more than $3,600.

██ Every person in the service of the state, or any of its enumerated subdivisions, except the elective officials and officials receiving a salary of more than $3,600 per year, is an employee and by the terms of Section 56–935 is insured in the state compensation fund.

The question, then, to be determined is whether the State Highway Engineer et al. are officials. If they are, and have salaries exceeding $3,600 per year, they are excluded from those required to be insured.

It is the contention of the Industrial Commission that the named positions are not offices and that the occupants thereof are not officials or officers, while the State Highway Commission insists that their functions and duties under the law constitute them officials.

We first look to the several statutes creating these positions and providing for appointees thereto and prescribing their duties.

The state highway engineer is appointed by the State Highway Commission, with the advice and consent of the governor, and holds office during the pleasure of the commission. Section 59–106. He is the chief executive and administrative officer of the department and has charge of all highway work authorized by the commission. Section 59–107.

The deputy highway engineer and assistant engineers are appointed by the state engineer and must possess the same qualifications as such officer, and in his absence they have the same powers as the state engineer. Section 59–109.

██ The Attorney General, or the person whom he designates to perform his duties in connection with the State Highway Commission, it seems is without question a public officer. Section 59–112.

The office of superintendent of the Motor Vehicle Division is created by section 66–201. This officer, in the enforcement of motor vehicle laws and regulations, has the same powers as regular peace officers of the state or the municipalities of the state.

The office of superintendent of the Highway Patrol is created by Section 66–701, which authorizes the governor of the state to make his appointment. This officer is given the powers of a peace officer for the purpose of enforcing the laws relating to the use of the highways of the state.

The office of chief clerk of the Motor Vehicle Division is created by Section 66–201(b) and is vested with the powers of a peace officer in the enforcement of the motor vehicle laws and regulations.

██ We think all these positions contain all the elements requisite to a public office as defined in *Stapleton v. Frohmiller,* 53 Ariz. 11, 85 Pac. (2d) 49, 52, as follows:

"It will be seen from this that we held there were three elements requisite to a position being a public office, which are (a) the specific position must be created by law; (b) there must be certain definite duties imposed by law on the incumbent; and (c) they must involve the exercise of some portion of the sovereign power. . . ."

██ While the statute, Section 59–104, creates the position of secretary of the Highway Commission and provides for his appointment by the commission, it fails to set out the duties that he is to perform.

██ We are unable to find any statutory law authorizing the appointment of an assistant superintendent of the Highway Patrol, or a superintendent of motor carriers, or a supervisor of titles, or a supervisor of gas refunds. These seem to be designations by the Highway Commission of some of its employees.

These last positions lack the elements constituting an office or the occupants thereof officers. They were not created by law but by the Highway Commission. Their duties are not imposed by any law but by the commission and if they exercise any sovereign powers we have no way of knowing it.

As to the other positions, such as the state highway engineer, it is apparent that they have definite duties imposed by law; that they are created by statute and that they exercise a portion of the sovereign power. The positions are therefore offices and their occupants are officers. That being so, it only remains to determine if these officers received more than $2,400 yearly for the period prior to the amendment of the statute, to wit, March 19, 1943. If they did, then they were not required to be insured, and if after said date such officers received more than $3,600 yearly they were not required to be insured.

This is an interdepartmental controversy between the Industrial Commission and the State Highway Commission and we feel that with the rule we have declared these departments should be able to adjust their differences. For that reason, we will not at this time issue any mandate to the State Highway Commission as prayed for by the Industrial Commission, feeling that the departments will be able to get together and settle the matter between themselves on the basis here indicated.

That we may not be misunderstood, we will say that it seems clear that the employees, other than officials, of the Highway Commission should be insured in the state compensation fund. The alternative writ of *mandamus* is therefore made peremptory as to those we have found to be employees only and

quashed as to those found to be officers within the meaning of the statute.

McALISTER, C. J., and STANFORD, J., concur.