224 P.2d 209

**TOMARIS v. STATE.**

No. 1004.

Supreme Court of Arizona.

Nov. 21, 1950.

148

W. T. Choisser, of Phoenix, for appellant.

Fred O. Wilson, Atty. Gen., Chas. Rogers, Asst. Atty. Gen., Maurice Barth, Asst. Atty. Gen., for appellee.

STANFORD, Justice.

Appellant was tried in the Superior Court, on information filed charging him with the crime of resisting a public officer, a felony under section 43-3910, A.C.A. 1939.

The facts show that a state highway patrolman, Hodgson, observed the appellant driving his automobile at a speed reaching ninety miles per hour. He gave chase, but failed to overtake the appellant until all the gas in appellant's car had been used. When Hodgson arrived, appellant refused to get out of his car. Hodgson then called for assistance, apparently by radio, and Officer Cowan, also a highway patrolman, arrived on the scene. When Cowan and Hodgson attempted to arrest him, appellant struck Hodgson, struggled with him and used abusive language, refusing to submit to arrest.

Appellant was finally tried for the offense charged, on October 25, 1949, and the jury returned a verdict of guilty. After judgment and sentence, appellant has appealed to this court, submitting the following three assignments of error which we mention in substance only: (1) That the court erred in deciding matters of law in denying appellant's motion to quash, wherein the question was raised as to whether a highway patrolman is in fact a "public officer" within the meaning of section 43-3910, supra; (2) That the court misdirected the jury in instructing that a highway patrolman is a "public officer"; and (3) That the County Attorney was guilty of misconduct, in violation of section 44-2704, A.C.A. 1939, by commenting, in his argument, on the fact that appellant did not elect to be a witness in his own behalf at the trial.

The section of our Code, first mentioned 43-3910, supra, is as follows: "Every person who wilfully resists, delays or obstructs any public officer in the discharge or attempt to discharge any duty of his office, when no other punishment is prescribed, is punishable by fine not exceeding five thousand dollars [$5,000], and imprisonment in the state prison not exceeding five [5] years."

Appellant's first two assignments of error are so closely related that they will be considered together.

Argument is based upon the contention that a highway patrolman is not in fact a "public officer" within the meaning of section 12-101, A.C.A. 1939, which defines "public officer" as "the incumbent of any office, member of any board or commission, his deputy or assistant exercising the powers and duties of such officer other than clerks or mere employees of such officer." It is claimed that this contention should be given consideration because of the fact that members of the highway patrol are not re-

quired to be of age, to write or read the English Language, to file an oath with the Office of the Secretary of State, etc., in accordance with section 12-102, A.C.A. 1939, setting out requirements to be fulfilled by all "public officers".

■ This court held in State v. Hendricks, 66 Ariz. 235, 186 P.2d 943, that highway patrolmen *are* "public officers" within the meaning of section 12-101, supra. Also, in the case of Industrial Commission v. Arizona State Highway Commission, 61 Ariz. 59, 145 P.2d 846, 849, this court said: " * * * the elements requisite to a public office as defined in Stapleton v. Frohmiller, 53 Ariz. 11, 85 P.2d 49, 52, (are) as follows: 'It will be seen from this that we held there were three elements requisite to a position being a public office, which are (a) the specific position must be created by law; (b) there must be certain definite duties imposed by law on the incumbent; and (c) they must involve some portion of the sovereign power. * * *' "

All three requirements listed above are fulfilled most adequately in an initiative measure adopted 1948, now appearing as 66-701, in the cumulative pocket supplement, A.C.A. 1939, and sections 66-702, 66-703 and 66-704, A.C.A. 1939, pertaining to the Highway Patrol Division. Regarding appellant's reference to requirements for all public officers as set out in section 12-102, supra, we refer to section 66-701b, which became effective with the initiative measure mentioned above, and as such, supersedes the provisions of section 12-102, supra, which might otherwise have been applicable to members of the highway patrol, as public officers. This section provides for appointment of the Merit System Council, which among other things shall: "(3) Pursuant to recognize merit principles of public employment; from time to time: (a) classify or reclassify all positions in the division, from a list of necessary employees prepared by the patrol superintendent; (b) fix and refix standards and qualifications for all classified positions; (c) formulate maximum-minimum·compensation plans for such positions, which compensation plans shall be effective only when approved by the Arizona highway commission; (d) *provide a plan for fair and impartial selection, appointment, retention, and for separation or removal from service by resignation, retirement or dismissal of all classified employees.*" (Emphasis supplied.)

This section clearly removes the members of the highway patrol from the requirements as set out in section 12-102, supra.

■ The question presenting itself for consideration now, is whether Patrolman Hodgson was a duly acting and qualified patrolman under section 66-701 et seq., supra. There is no transcript of the evidence herein before this court, but in absence of a showing to the contrary, this court indulges in the presumption of regularity in the trial court procedure, which would embody a showing that Hodgson was either duly appointed to the patrol at a time after

section 66-701b, supra, was enacted, according to the rules and regulations of the Merit System Council which it was specifically directed to adopt, section 66-701b, subd. 3, supra, or was a member of the patrol at the time the law became effective, thus falling within section 66-701e, supra, which reads as follows: "All employees of the division at the effective date of this act shall be continued in their respective positions without examination, until removed from such positions under the provisions of the merit system to be established pursuant to this act."

Section 66-701 et seq., supra, also definitely place highway patrolmen in the category of "peace officers". This is in agreement with the Hendricks Case, supra [66 Ariz. 235, 186 P.2d 946], which states: "There can be no question but that a highway patrolman is both a public officer within the terms of the above quoted statute, (43-1702, A.C.A. 1939, relating to bribery of public officers) and a peace officer. Sec. 12-101; (cases cited)."

In light of the foregoing we think it clear that highway patrolmen are public officers within the meaning of section 43-3910, supra.

The last assignment of error is that the County Attorney, in his argument to the jury, improperly commented on the fact that appellant failed to appear as his own witness, by the following statement: "You heard the testimony of the witness presented by the State and it has not been controverted except by counsel's cross-examination."

This contention is wholly without merit. This matter was ruled on in the cases of State v. Serna, 69 Ariz. 181, 211 P.2d 455, and Cutler v. State, 15 Ariz. 343, 138 P. 1048, holding that remarks similar to the one quoted above, are not comments in violation of section 44-2704, supra. We think it clear that the County Attorney's remark in the present case, constituted no reversible error.

We find no prejudicial error committed by the trial court.

Judgment affirmed.

LA PRADE, C. J., and UDALL, PHELPS and DE CONCINI, JJ., concurring.