416 P.2d 560

The STATE of Arizona, Appellee,

v.

Bernie Escobar ACOSTA, Appellant.

No. 1553.

Supreme Court of Arizona,
In Division.

July 13, 1966.

Darrell F. Smith, Atty. Gen., Philip M.
Haggerty, Asst. Atty. Gen., Phoenix, for
appellee.

Lawrence C. Cantor, Phoenix, for appellant.

McFARLAND, Justice.

Bernie Escobar Acosta, hereinafter referred to as defendant, was tried, convicted and sentenced to serve not less than ten nor more than twelve years in the Arizona state prison for the unlawful sale of narcotics, in violation of A.R.S. § 36–1002.02, as amended. From the conviction and sentence he appeals.

At approximately 9:30 p. m., December 2, 1963, A. F. Barrios, agent of the narcotics division of the state liquor control, was present at the home of Albert Dominguez, special employee of the Department of Liquor Licenses and Control. Barrios searched Dominguez' clothing for evidence of narcotics, then handed him an unmarked ten-dollar bill to be used for the purchase of narcotics. Agent Barrios then followed Dominguez to a tavern located near Third Street and Jefferson in Phoenix.

Dominguez entered the tavern in search of two females from whom he felt he could purchase heroin. Dominguez saw defendant in the tavern and inquired if defendant had seen the two women he was seeking. Defendant answered that he had not but inquired why Dominguez wanted them. Dominguez expressed to defendant a desire to purchase "carga" (slang for heroin), and defendant stated he could accommodate him. The two men, observed by agent Barrios who was parked outside the tavern, left and entered Dominguez' car and proceeded to the nearby town of Glendale where defendant, leaving Dominguez in the car, was gone some ten minutes. He then returned and upon starting back to Phoenix, in exchange for the ten-dollar bill, gave Dominguez a "paper" of heroin, later introduced in evidence.

Dominguez and defendant returned to the same parking place on Third Street and Jefferson. Defendant stepped out of the car for a moment; the two men then went to defendant's nearby hotel room for a few minutes; Dominguez then returned to his home where agent Barrios, who had followed defendant's car during the entire transaction, took the "paper" from him. Barrios did not see the actual exchange of heroin for money.

■■■ Defendant first contends the lower court erred in permitting the prosecution, in closing argument, to refer to defendant's failure to testify or present evidence. Defendant refers to the following argument by counsel for the state:

"* * * And, I ask you, is there anything in this case to show that there was not a purchase or there were not three purchases? There is nothing to show that. * * *"

\* \* \* \* \* \*

"You heard the testimony of all the witnesses that were presented by the State in this particular case. And, it has not been controverted, except by Counsel's cross examination. That is the only controversy of any of the testimony of State's witnesses. * * *"

\* \* \* \* \* \*

"* * * because there is no other evidence to anything of the conrary [sic] except guilt."

A.R.S. § 13–163 provides in part:

"B. The defendant's neglect or refusal to be a witness in his own behalf shall not in any manner prejudice him, or be used against him on the trial or proceedings."

Any direct or indirect statements amounting to an allusion a defendant failed to testify may well constitute reversible error. State v. Jordan, 80 Ariz. 193, 294 P. 2d 677. Statements by the prosecution that defendant has not acknowledged his actions nor shown remorse during the trial do not constitute comment on defendant's failure to testify. State v. Serna, 69 Ariz. 181, 211 P.2d 455, appeal dismissed, Serna v. Walters, 339 U.S. 973, 70 S.Ct. 1031, 94 L.Ed. 1380.

In Tomaris v. State, 71 Ariz. 147, 224 P. 2d 209, a statement almost identical to one

of those complained of in the instant case, was upheld, the court stating:

"The last assignment of error is that the County Attorney, in his argument to the jury, improperly commented on the fact that appellant failed to appear as his own witness, by the following statement: 'You heard the testimony of the witness presented by the State and it has not been controverted except by counsel's cross-examination.'

"This contention is wholly without merit. * * *" 71 Ariz. at 150, 224 P.2d at 212

Udall, in his work on evidence, makes the following observation with reference to A.R.S. § 13-163:

"* * * The protection afforded by the statute has been considerably diluted by a long line of decisions permitting comment * * * on the fact that certain evidence has not been contradicted where defendant is one of the persons who might do so (Tomaris v. State, 71 Ariz. 147, 224 P.2d 209) * * *." Udall, Arizona Law of Evidence 138 (1960)

In 1 Underhill, Criminal Evidence 323 (5th Ed. 1956), the following test is set forth:

"* * * It is only objectionable to comment on the failure of defendant personally to testify; a comment that certain facts brought out by the prosecution are uncontradicted is not objectionable. The true test is, was the reference calculated or intended to direct the attention of the jury to the defendant's neglect to avail himself of his right? * * *"

Based upon this test, and under the interpretations of this court, we find the statements complained of were not comments on defendant's failure to testify, but were merely general comments on the fact that the evidence was uncontradicted. The general context of the argument surrounding the statements complained of was not to allude to defendant's failure to testify, but rather to bring home the point that the evidence was, at least in the view

of counsel for the state, uncontroverted, and justified a verdict of guilt.

Defendant cites to this court the recent United States Supreme Court case of Griffin v. State of California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106, as persuasive of his position. We do not feel the Griffin case is controlling herein. In Griffin the comments of counsel for the state did not merely allude to, or indirectly refer to, defendant's failure to testify, but were direct comments on his failure to take the stand. The comments complained of included the following:

" 'He would know that. He would know how she got down the alley. He would know how the blood got on the bottom of the concrete steps. He would know how long he was with her in that box. He would know how her wig got off. He would know whether he beat her or mistreated her. He would know whether he walked away from that place cool as a cucumber when he saw Mr. Vissasenor because he was conscious of his own guilt and wanted to get away from that damaged or injured woman.

" 'These things he has not seen fit to take the stand and deny or explain.

" 'And in the whole world, if anybody would know, this defendant would know.

" 'Essie Mae is dead, she can't tell you her side of the story. The defendant won't.' " 380 U.S. at 611, 85 S.Ct. at 1231, 14 L.Ed. at 108

 Defendant raises a further point in support of his argument that the state improperly commented upon defendant's failure to testify. He argues that at least one juror indicated after the trial that the fact defendant failed to testify was considered by him in his deliberations, thus it is impossible to tell if more, or perhaps all, the jurors considered this matter. We consider this argument without merit. We have consistently held a juror may not impeach the verdict. State v. Mangrum, 98 Ariz. 279, 403 P.2d 925; State v. Silvas, 91 Ariz. 386, 372 P.2d 718, cert. denied, 371

U.S. 970, 83 S.Ct. 552, 9 L.Ed.2d 539. The trial court properly instructed the jury as follows:

"* * * The Defendant's neglect or refusal to be a witness in his own behalf shall not in any manner prejudice him or be used against him on the trial or proceedings."

Defendant expressly states in his brief that he is not attempting to impeach the verdict of the jury, but merely that the comments of the deputy county attorney, when viewed in light of the jury's deliberations, require reversal. This matter was considered by the trial court when it denied defendant's motion for new trial. In State v. Byrd, 94 Ariz. 139, 382 P.2d 555, in disposing of a contention that conversation between a juror and the county attorney necessitated granting a new trial, we said:

"The trial judge had the opportunity to observe the juror and to hear the testimony surrounding the entire matter. It is well settled that the appellate court will not interfere with the matter, so peculiarly within the knowledge of the trial court unless abuse of discretion exists. We find no such abuse of discretion in this case." 94 Ariz. at 142, 382 P.2d at 556

In the instant case the trial judge conducted a hearing into this matter. He ruled on the motion for a new trial, denying said motion on these grounds. We find no abuse of discretion in his handling of the matter.

■ Defendant next contends the lower court erred in failing to direct a verdict in favor of defendant based upon insufficiency of evidence. There is no duty on the part of the trial court to direct an acquittal where there is substantial evidence the defendant committed the crime charged. State v. Silvas, supra. This court, on review of the lower court's denial of defendant's motion for directed verdict, must view the facts most strongly in favor of upholding the verdict of the jury. State v. Turner (July 7, 1966), 101 Ariz.

85, 416 P.2d 409; State v. Manis, 95 Ariz. 27, 386 P.2d 77. This motion questions not the competency of the evidence, but its sufficiency. State v. Holliday, 92 Ariz. 168, 375 P.2d 370.

In State v. Reyes, 99 Ariz. 257, 408 P.2d 400, the same contention was made as in the instant case. In Reyes, supra, in which Dominguez was the informer and Barrios was the agent, we said:

"Defendant contends that the evidence was insufficient to show that he sold the narcotics to the informer. This contention is unfounded, as is shown by the statement of facts. There was without question sufficient evidence to submit to the jury. Dominguez testified as to both sales. Agent Barrios testified that while he did not see the actual sale in the first count he had followed defendant to the place of the sale. There was uncontradicted evidence in both counts that the 'paper' which Dominguez furnished contained heroin.

"We have repeatedly held, in reviewing the sufficiency of evidence to support a verdict, the evidence must be viewed in the light most favorable to the state, and all reasonable inferences be resolved against defendant. State v. Mangrum, 98 Ariz. 279, 403 P.2d 925; State v. Moraga, 98 Ariz. 195, 403 P.2d 289; State v. Chavez, supra." 99 Ariz. at 262, 408 P.2d at 403

■ As in State v. Reyes, supra, Dominguez testified in the instant case as to the sale. Barrios testified that while he did not see the actual sale, he followed defendant and Dominguez to the place of sale. The evidence was uncontradicted that the "paper" contained heroin. There was no evidence to refute the other evidence of the state. We therefore hold the evidence was sufficient to sustain the verdict of guilty of the unlawful sale of narcotics.

■ Defendant claims the lower court erred in refusing to give an instruction on entrapment. We cannot agree with this po-

sition. In State v. Reyes, supra, in dealing with the same argument, we said:

"* * * Such an instruction is properly refused where the trial court finds no evidence to support this theory. * * * The defense of entrapment requires that the intent to commit the crime must not arise in the mind of the accused. * * *"

* * * * * *

"In the instant case defendant supports his contention based on testimony of Dominguez, first, that he had been looking for some one most of the night from whom to make a buy, and, second, that when defendant answered his door and Dominguez asked him if he had any heroin, defendant answered that he did not, but that he could obtain some. Therefore, defendant argues, Dominguez approached defendant, and originated in defendant's mind the thought of making the sale. We cannot agree with this contention. * * *"

* * * * * *

"Here, Dominguez provided merely the opportunity to sell, and there was neither undue prejudice, deceitful representation or inducement to do so." 99 Ariz. at 261, 408 P.2d at 403.

In the instant case the facts are no stronger in favor of entrapment than in State v. Reyes, supra. We hold the lower court did not commit error in refusing to give defendant's requested instruction on entrapment.

 Finally, defendant contends the trial court erred in refusing to instruct the jury with reference to testimony of Dominguez as an accomplice, and that the testimony of an accomplice must be corroborated. We have repeatedly held the testimony of an informer need not be corroborated for the reason that he is not an accomplice. State v. Arriola, 99 Ariz. 332, 409 P.2d 37; State v. Chavez, 98 Ariz. 236, 403 P.2d 545; State v. Moraga, 98 Ariz. 195, 403 P.2d 289.

In all these cases the crime involved was the same as that in the instant case, to wit, illegal sale of narcotics. In all these cases the same argument was made that the informer's testimony had to be corroborated because he was an accomplice. And in all three cases we held such corroboration was not necessary. We therefore hold the trial court did not err in refusing to give defendant's requested instructions on corroboration of testimony of an accomplice.

Judgment affirmed.

STRUCKMEYER, C. J., and UDALL, J., concur.