475 P.2d 472

**STATE of Arizona, Appellee,**

v.

**Beri BERRYMAN, Appellant.**

**No. 2115.**

Supreme Court of Arizona,
In Banc.
Oct. 16, 1970.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Taylor, Grace & Petica, by Ronald H. Petica, Phoenix, for appellant.

McFARLAND, Justice.

Beri Berryman, hereinafter referred to as the defendant, was tried and convicted of two counts of armed robbery and for punishment therefor was sentenced to serve not less than five years nor more than five years and six months in the Arizona Penitentiary on each count to run concurrently commencing on November 15, 1968. From his conviction and sentence he appeals.

On the 24th day of July, 1968, at approximately 9:23 p. m. the defendant went to Fry's Market at 1625 West Camelback, Phoenix, Arizona, along with two other suspects. The defendant walked up to Mildred Crump, a cashier, with a gun, telling her "This is a stick up. Don't get scared and start screaming." After she had given him the money in her possession he then went to an adjoining cashier, Pete Martinez, and made the same demand. Pete Martinez had witnessed the robbery of Mildred Crump. The money was then taken out of Pete Martinez' cash register. Martinez testified that the defendant had instructed him to take the money out of his register and put it in a paper bag; that another man then came and got the paper bag.

Count I was based on the robbery of Mildred Crump and Count II was upon the robbery of Pete Martinez. The defendant contends that he was not properly charged for the reason that the two counts of robbery arose out of a single transaction. Robbery is defined in § 13–641 A.R.S. as follows: "the felonious taking of personal property in the possession of another from his person or immediate presence, and against his will, accomplished by means of force or fear." The statute does not require ownership of the property by the person from whom it is taken. The question then is whether under the facts two robberies were committed.

In State v. Boag, 104 Ariz. 362, 453 P.2d 508, we held:

"The time span in which the acts were committed is immaterial, so long as the State can prove each act was composed of the necessary criminal elements."

Also see State v. Vallejos, 89 Ariz. 76, 358 P.2d 178. Appellant contends that he is being subjected to double punishment contrary to A.R.S. § 13–1641 which provides as follows:

"An act or omission which is made punishable in different ways by different sections of the laws may be punished under either, but in no event under more than one. An acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other."

In State v. Boag, supra, quoting State v. Hutton, 87 Ariz. 176, 349 P.2d 187, we said:

"'* * * The above statute covers a situation where the *same act* is punishable in different ways under different sections of the law. Under such a situation, he can be punished for only one offense. *Burglary and theft are two separate and distinct acts.* * * * We have had occasion to construe the aforementioned section of the statute and *held in effect that for the section to operate to prevent double punishment, the two alleged crimes must have identical components.* State v. Westbrook, 79 Ariz. 116,

285 P.2d 161, 53 A.L.R.2d 619. * * *' (Emphasis in original).

"For other cases construing this statute see State v. Jacobs, 93 Ariz. 336, 380 P. 2d 998; and State v. Martinez, 67 Ariz. 389, 198 P.2d 115."

In Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469, the court held:

"The question is not whether Missouri could validly charge the petitioner with six separate offenses for the robbery of the six poker players. It is not whether he could have received a total of six punishments if he had been convicted in a single trial of robbing the six victims. It is simply whether, after a jury determined by its verdict that the petitioner was not one of the robbers, the State could constitutionally hale him before a new jury to litigate that issue again.

"After the first jury had acquitted the petitioner of robbing Knight, Missouri could certainly not have brought him to trial again upon that charge. Once a jury had determined upon conflicting testimony that there was at least a reasonable doubt that the petitioner was one of the robbers, the State could not present the same or different identification evidence in a second prosecution for the robbery of Knight in the hope that a different jury might find that evidence more convincing. The situation is constitutionally no different here, even though the second trial related to another victim of the same robbery. For the name of the victim, in the circumstances of this case, had no bearing whatever upon the issue of whether the petitioner was one of the robbers."

■ The facts of the instant case do not support the contention that the robbery of Mildred Crump and Pete Martinez was a single robbery. We accordingly hold that the defendant was properly charged with two counts of robbery.

The second contention of the defendant was that the sentence of the court was improper in that it only dealt with one count or was confusing.

The reporter's transcript shows at the time of the sentencing of defendant he was advised:

"THE COURT: And you are represented by your attorney, Mr. Mehrens, are you not?

DEFENDANT BERRYMAN: Yes, sir.

THE COURT: And you know, of course, that you have been charged by the State of Arizona with commission of two armed robberies, do you not?

DEFENDANT BERRYMAN: (Nods head.)

THE COURT: And you were found guilty during trial of both of these offenses. You realize that?

DEFENDANT BERRYMAN: (Nods head.)

THE COURT: Do you have anything to say at this time as to why sentence should not now be imposed upon you or anything at all concerning your sentencing?

DEFENDANT BERRYMAN: No, sir, I do not.

THE COURT: Either of you?"

\* \* \* \* \* \*

"Since there is no legal cause appearing to me otherwise, it's the finding and verdict and judgment of the Court that you are guilty of armed robbery on two counts, as you were found guilty by the jury upon trial in this same court.

It's the judgment of the Court then that you be sentenced to serve not less than five years down at the State Penitentiary in Florence since I assume what you tell me is correct, it's verified by the County Attorney.

It's also the judgment of the Court or the order of the Court that you serve not more than five years and six months.

Now the time of sentence will begin to run from the date of your incarceration in the County Jail."

The Minute Entry of the clerk reads:

"IT IS THE JUDGMENT OF THIS COURT that you, Beri Berryman, are guilty of the crime of robbery, two counts, felonies.

IT IS ORDERED that you be sentenced to be incarcerated in the Arizona State Prison, Florence, Arizona for a period of not less than five (5) years nor more than five (5) years and six (6) months on each count, said terms to run concurrently and commencing as of November 15, 1968, the date of your incarceration in the Maricopa County Jail."

The written judgment and sentence reads in part as follows:

"IT IS THE JUDGMENT of the court that the defendant Beri Berryman is guilty of Robbery (Two Counts) Felonies as charged in the (Information).

The defendant was asked whether he had anything to say or any legal cause to show why sentence should not be pronounced. There was none.

IT IS THE JUDGMENT AND ORDER OF THE COURT, that you be sentenced to be incarcerated in the Arizona State Prison, at Florence, Arizona for a period of not less than Five (5) years nor more than Five (5) years and Six (6) months on each count, said terms to run concurrently and commencing as of November 15, 1968, the date of your incarceration in the Maricopa County Jail."

In Anderson v. State, 54 Ariz. 387, 96 P.2d 281, we held:

"* * * the judgment in a criminal case must be rendered in open court and entered upon the minutes of the court, and that no other written judgment is required. A certified copy of the minute entry is the only instrument needed to justify the proper authorities of the state prison in receiving and holding a defendant until his sentence has expired or he is otherwise released according to law."

In State v. Dowthard, 92 Ariz. 44, 373 P.2d 357, we again said that "a judgment is complete and valid when it is orally pronounced by the court and entered in the minutes."

Rule 339, A.R.S. Rules of Criminal Procedure, 17 A.R.S. provides:

"Sentence; when concurrent and when consecutive

When the defendant has been convicted of two or more offenses charged in the same indictment or information, the terms of imprisonment shall be served concurrently unless the court expressly directs that they or some of them be served consecutively. Sentences of imprisonment for offenses not charged in the same indictment or information shall be served consecutively unless the court expressly directs that they or some of them be served concurrently."

■ It was plain that the court was sentencing the defendant under the two counts for which he had been found guilty. Under Rule 339 the sentence was concurrent. In State v. Veres, 7 Ariz.App. 117, 436 P.2d 629, where a defendant had been found guilty of two counts and probation revoked, the court in passing upon a similar sentence found that it was adequate, but recommended that where there was more than one count that the sentence with respect to each count be separately stated. We agree with this finding and recommendation. However, in the instant case it is plain that the clerk understood the sentence and recorded it correctly. We accordingly hold that the sentence of the defendant is valid.

■ The next contention of the defendant is that the court committed prejudicial error in stating to each of the witnesses for the state, "Thank you for being a witness for us". We do not agree with this contention. This was merely a courtesy in thanking witnesses for appearing at the trial, and not for the substance of the evidence given. The jury would understand this. The record shows that two of defendant's witnesses were also thanked by the court. This shows the court was merely being courteous.

■ Nor do we find any merit in the contention that the evidence did not show the robbery was by force or fear. A gun was used and in response to the defendant's statement "Don't get scared and start screaming," the answer was to the effect "Well, I am not." She was also asked, "Were you in fear of your life at that time?" Her answer was "I would say yes." The evidence was sufficient for the jury to find that she delivered the money under fear.

The defendant also contends that the County Attorney improperly made reference to the failure of the defendant to testify; that the County Attorney in his argument to the jury improperly commented on the fact that appellant failed to appear as his own witness by several times commenting "This is the whole testimony, the whole case of the Defendant", and arguing that defendant's "whole case" consisted of bringing a felon from Arizona State Prison. State v. Acosta, 101 Ariz. 127, 416 P.2d 560, cited by defendant does not support this contention. In Acosta we held a similar argument by the County Attorney was not a comment on the failure of defendant to testify:

"'* * * And, I ask you, is there anything in this case to show that there was not a purchase or there were not three purchases? There is nothing to show that. * * *'

* * * * * *

"'You heard the testimony of all the witnesses that were presented by the State in this particular case. And, it has not been controverted, except by Counsel's cross examination. That is the only controversy of any of the testimony of State's witnesses. * * *'

* * * * * *

"'* * * because there is no other evidence to anything of the contrary (sic) except guilt.'

"A.R.S. § 13–163 provides in part:

" 'B. The defendant's neglect or refusal to be a witness in his own behalf shall not in any manner prejudice him, or be used against him on the trial or proceedings.'

\* \* \* \* \* \*

"Udall, in his work on evidence, makes the following observation with reference to A.R.S. § 13–163:

" ' \* \* \* The protection afforded by the statute has been considerably diluted by a long line of decisions permitting comment \* \* \* on the fact that certain evidence has not been contradicted where defendant is one of the persons who might do so (Tomaris v. State, 71 Ariz. 147, 224 P.2d 209) \* \* \* '. Udall, Arizona Law of Evidence 138 (1960)

"In 1 Underhill, Criminal Evidence 323 (5th Ed. 1956), the following test is set forth:

" ' \* \* \* It is only objectionable to comment on the failure of defendant personally to testify; a comment that certain facts brought out by the prosecution are uncontradicted is not objectionable. The true test is, was the reference calculated or intended to direct the attention of the jury to the defendant's neglect to avail himself of his right? \* \* '

"Based upon this test, and under the interpretations of this court, we find the statements complained of were not comments on defendant's failure to testify, but were merely general comments on the fact that the evidence was uncontradicted. The general context of the argument surrounding the statements complained of was not to allude to defendant's failure to testify, but rather to bring home the point that the evidence was, at least in the view of counsel for the state, uncontroverted, and justified a verdict of guilt."

■ In the instant case the statement was made for an identical purpose. The pertinent portions are as follows:

\* \* \* \* \* \*

"Now what evidence has the defense presented to you today in this particular case to tell you that, or show you that the defendant is not guilty of this charge?

Their whole case consists of bringing a man in from Florence Prison that has been convicted, of his own admission, of approximately six or seven felonies.

\* \* \* \* \* \*

And this is the whole testimony, the whole case of the defense. This is what they have shown you. This is what they have brought before you, the testimony of Mr. Gilbreath."

This argument did not constitute a comment upon the failure of the defendant to testify. State v. Acosta, supra.

Judgment affirmed.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and UDALL and HAYS, JJ., concur.