479 P.2d 411

**The STATE of Arizona, Appellee,**

v.

**Mario Carlos SALINAS, Appellant.**

**No. 2032.**

Supreme Court of Arizona,
In Division.

Jan. 13, 1971.

Gary K. Nelson, Atty. Gen. by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

John V. Riggs, Tempe, for appellant.

HAYS, Justice.

Appellant, Mario Carlos Salinas, was tried by a jury and found guilty of first degree burglary and grand theft with a prior conviction. He was sentenced to serve not less than ten nor more than twelve years on each count and the sentences were ordered to run concurrently. From the judgment and sentence of the court he appeals.

The burglary and theft took place in an apartment in Phoenix, Arizona occupied by James L. Hyslop. On July 16, 1968, Hyslop arrived home after a three day absence and noticed that the glass next to the lock on his arcadia door was broken. Upon entering his apartment he discovered that numerous suits, sportcoats, slacks and other items of clothing belonging to him were missing. Included among the missing items were approximately forty four neckties. Hyslop testified that he recovered all of this clothing approximately one week later from the police storage room.

Donald B. Clark, a neighbor of Hyslop, testified that he arrived home at approximately 3:10 a. m. on July 16, 1968, and observed appellant and two or three other persons in the immediate area of Hyslop's apartment. Being suspicious, he secured his rifle and returned. As he crossed the street he noticed appellant on Hyslop's patio. He halted appellant and asked him what he was doing. Appellant replied that he was looking for Hyslop. Clark told appellant to wait but as Clark crossed the street to telephone the police, appellant raced off in an automobile. Clark noticed the license number and the appearance of the vehicle and immediately telephoned this information to the police. Clark testified that he was approximately six feet from appellant when he halted him, that the lighting was good and that he could see appellant's face quite clearly. Clark had previously seen appellant in Hyslop's apartment several days earlier when appellant was giving first aid to Hyslop who had been injured in a bar. Hyslop testi-

fied that he met appellant on the night that he was so injured.

Clifford S. Harden, a Phoenix police officer, testified that on July 16, 1968, at approximately 3:15 a. m., he discovered a vehicle parked in an alley that matched the license number and description as reported by Clark. Harden and another officer proceeded on foot to check the area for the suspect. As they approached a group of people, two persons broke from the group and fled. Harden and his companion caught up with and arrested these individuals, one of whom was appellant. Harden further testified that appellant was intoxicated. After appellant was advised of his rights, he told Harden that he had been at a friend's house, that he had fled from a man who had pointed a rifle at him and that he was the person who parked the vehicle in the alley.

Harden also testified that numerous items of clothing were found in a bush about fifteen to twenty feet from where appellant's vehicle was parked. This clothing was lying in a pile and included various suits, sport jackets, and approximately fifty neckties. The clothes hangers were still inside the suits and jackets. This clothing was tagged and placed in the police property room.

Appellant contends that the state failed to connect him with the crimes charged and that the trial court therefore erred in denying his motion for a directed verdict of acquittal. We disagree. A motion for a directed verdict only challenges the sufficiency of the evidence. State v. Acosta, 101 Ariz. 127, 416 P.2d 560 (1966). The trial court is under no duty to direct a verdict of acquittal if there is substantial evidence that a defendant committed the offense charged. State v. Dessureault, 104 Ariz. 380, 453 P.2d 951 (1969). Although the evidence in the instant case is circumstantial, it tends to raise a strong inference of appellant's guilt. None of the evidence was conflicting and appellant did not present evidence that would tend to rebut the natural inferences drawn from the case presented by the state. There was no error here.

Appellant also argues that the court committed reversible error when it failed to instruct the jury that in order to convict appellant solely on circumstantial evidence, it must find not only that the evidence is consistent with guilt but also that it is inconsistent with every reasonably hypothesis of innocence.

Until recently, it was the rule in this jurisdiction that it is reversible error for the court to fail to give the instruction on circumstantial evidence put forward by appellant. However, in State v. Harvill, 106 Ariz. 386, 476 P.2d 841 (1970), this court held that it is not necessary to instruct the jury on the reasonable hypothesis theory of circumstantial evidence where the jury has been properly instructed on reasonable doubt. This holding was based on our opinion that the probative values of direct and circumstantial evidence are "intrinsically similar" and that there was "no logically sound reason for drawing a distinction as to the weight to be assigned each." The holding in *Harvill* applies retroactively to all cases not final at the time it was announced. Since the court properly instructed the jury on reasonable doubt, it was not error to fail to give the requested instruction.

Judgment of the trial court is affirmed.

STRUCKMEYER, C. J., and UDALL, J., concur.