486 P.2d 209
**STATE of Arizona, Appellee,**
v.
**Joseph Mario MATUS, Appellant.**
**No. I CA–CR 349.**

Court of Appeals of Arizona,
Division 1.
June 29, 1971.

98

Gary K. Nelson, Atty. Gen. by William P. Dixon, Asst. Atty. Gen., Moise Berger, Maricopa County Atty., Phoenix, for appellee.

John V. Riggs, Tempe, for appellant.

HATHAWAY, Judge.

The appellant was tried to a jury and convicted of second degree burglary and sentenced to a prison term of from four to five years. On appeal he questions the voluntariness of his statement given to officers and brought out at trial, and he contends that improper closing argument by the prosecutor was prejudicial.

■ On the voluntariness question, appellant submits that since he did not take the stand in the voluntariness hearing, the determination of voluntariness was made on less than all the relevant evidence, citing footnote 16 in Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). The reference is obviously not in point since it is concerned with a situation where an accused is deterred from testifying on a voluntariness issue when the jury is present. The hearing here was held out of the jury's presence and for the sole purpose of establishing the voluntariness of the statement.

■ On the day following the appellant's arrest, he was interrogated by two deputy sheriffs in the Chandler Police Department interrogation room. The appellant was advised of his rights and was asked to sign a card to that effect, which he did. The appellant then gave the statement to the officers, the voluntariness of which we are considering on this appeal. One of the interrogating deputies was called to testify during the voluntariness hearing. The other was not. The appellant contends that the court should have invoked "the missing witness" rule, citing State v. Davis, 73 Wash.2d 271, 438 P.2d 185 (1968). There, the Washington court was not satisfied that the prosecution had met its burden of proving the validity of the defendant's waiver of *Miranda*[1] rights where the waiver was established through an interrogating officer's testimony, uncorroborated by a second officer who was present at the interrogation and whose absence was unexplained, and whose testimony was completely contradicted by the defendant. The case *sub judice* is clearly distinguishable in that voluntariness was established through the uncontradicted testimony of an interrogating officer. We therefore conclude that this point is without merit.

■ Appellant's second question, directed to the prosecutor's comment during argument, requires that we determine whether the argument was within the prohibition of A.R.S. § 13-163 (1956), forbidding any comment, direct or indirect, on the defendant's failure to testify. Such comment is a denial of due process. Griffin v. State of California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965). The state contends that the prosecutor's comment was in response to earlier argument made by defense counsel and was proper because the door was open and no reference was made to failure of the appellant to take the stand. In his argument to the jury, defense counsel paraphrased the instruction of the court as follows:

"'[I]t is necessary that the criminal act be accompanied by a specific or particular intent without which the crime is not committed, thus, in the case of burglary, second degree, a necessary fact to be proved is the *intent in the mind of the defendant,* of the specific intent to

1. Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

commit petty theft or grand theft, or any felony.' " (Emphasis added)

In his closing argument, the prosecutor responded as follows:

"The defendant's state of mind obviously, unless he states what was going on at that time, is circumstantial. You prove this by what happened and what the reasonable inferences you can draw from what in fact did happen."

No objection was interposed to the argument by defense counsel. In any event, the argument appears to have been proper under State v. Berryman, 106 Ariz. 290, 475 P.2d 472 (1970). Also see State v. Acosta, 101 Ariz. 127, 416 P.2d 560 (1966), and State v. Crank, 13 Ariz.App. 587, 480 P.2d 8 (1971). The prosecutor's argument does not appear to have been calculated to direct attention of the jury to the defendant's failure to take the stand and testify.

Affirmed.

KRUCKER, C. J., and HOWARD, J. concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12-120, subsec. E.