563 P.2d 298

The STATE of Arizona, Appellee,

v.

Gloria ORTIZ and Jose L. Ortiz, Appellants.

No. 2 CA–CR 923.

Court of Appeals of Arizona, Division 2.

Jan. 5, 1977.

Rehearing Denied March 30, 1977.

Review Denied April 19, 1977.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III and Lynn Hamilton, Asst. Attys. Gen., Phoenix, for appellee.

John M. Neis, Pima County Public Defender by D. Jay Natoli, Asst. Public Defender, Tucson, for appellants.

OPINION

HATHAWAY, Judge.

Appellants were charged with the unlawful acquisition of food stamps in violation of A.R.S. § 13–1025(A). They were both found guilty by a jury and each given three years probation. Appellant Jose Ortiz, as a condition of his probation, was also committed to a 90-day period in the Pima County Jail.

Appellants' sole point raised on appeal is that the trial court committed reversible error in failing to grant their motion for a judgment of acquittal on the basis that there was no substantial evidence to warrant conviction. Appellants made the motion pursuant to Rule 20, Rules of Criminal Procedure, at the conclusion of the state's case and again at the close of appellants' case.

The applicable portion of A.R.S. § 13–1025 provides:

"A. Whoever knowingly uses, transfers, acquires, or possesses or knowingly attempts to use, transfer, acquire, or possess food stamps or authorizations to purchase food stamps in any manner not authorized by law is guilty of a misdemeanor if the face value of the food stamps or the authorizations to purchase food stamps is one hundred dollars or

less, or is guilty of a felony if the face value of the food stamps or the authorizations to purchase food stamps exceeds one hundred dollars. The face value of authorizations to purchase food stamps shall be the difference between the highest coupon allotment and the highest purchase requirement as shown on the face thereof."

The trial court has no duty to direct an acquittal where there is substantial evidence that the defendant has committed the crime charged. *State v. Stevens,* 107 Ariz. 565, 490 P.2d 571 (1971); *State v. Salinas,* 106 Ariz. 526, 479 P.2d 411 (1971). Appellants claim that in order for the trial court to have found substantial competent evidence to support the conviction, there would have had to have been evidence that the authorization to purchase food stamps was cashed and, in fact, used to acquire food or, at the very least, cashed. There was evidence that appellant Gloria Ortiz, once apprised that an investigation was underway by the Department of Economic Security into her eligibility for the food stamp program, returned the authorization to the Department. Appellants claim that therefore the evidence does not support a conviction for the substantive offense. However, the very language of the statute makes it a crime to acquire an authorization to purchase food stamps in a manner not authorized by law. An eligibility worker for the Department of Economic Security testified that she interviewed appellant Gloria Ortiz in June of 1975 and appellant indicated that she was the head of her household and was supporting her two children. She was given state's exhibit number 2, a form which lists the changes one must report to the DES within 10 days after the change occurs. Appellant Gloria Ortiz signed and dated the form on June 27, 1975, and was certified eligible to receive food stamps for six months, the period to run until January 1, 1976. Appellants argue that the fact that Gloria Ortiz returned the authorization to the Department on or about November 20, showed that she was complying with the requirement that she inform the Department of any change in circumstances within 10 days of the change. However, there is substantial evidence in the transcript which shows that a change of circumstances had occurred prior to this time and that in fact, appellant Gloria Ortiz had acquired the authorization wrongfully.

Jose L. Ortiz, Gloria Ortiz' husband, was employed in a supervisory capacity by the DES during 1975. While Gloria Ortiz had certified to the eligibility worker that she was living separate and apart from her husband and he did not contribute to her support, there was substantial evidence introduced at the trial that showed appellants were indeed living together and that appellant Jose L. Ortiz was contributing to the support of his wife. Even assuming that appellants were not living together during the summer and early fall of 1975, there was considerable evidence to indicate the status of Mrs. Ortiz' household changed at the end of October 1975, not at the end of November 1975 when her husband allegedly returned and assumed his responsibilities.

An investigator for the DES testified that he observed Mr. Ortiz coming and going regularly from his wife's trailer on November 19, 20 and 21. The manager of the trailer park where Mrs. Ortiz resided reported that in October 1975, Mrs. Ortiz had told her that she and her husband were getting their marriage back together. The manager informed Mrs. Ortiz that if another adult moved into her trailer, the rent would increase from $80 to $85 per month. The manager also testified that on November 8, Mr. Ortiz paid $85 cash for the November rent and was given a receipt for the money by the manager. She also testified that Mr. Ortiz had moved in prior to November 5, and that Mrs. Ortiz had previously informed her that in November her husband was definitely moving in.[1] The manager testified she frequently saw Mr. Ortiz and his car at his wife's trailer throughout November and that Mrs. Ortiz had asked her if her spouse might make certain household repairs and requested boxes for her husband's move. In addition, the manager testified that Mr. Ortiz obtained her per-

mission to utilize the trailer storage room at that time. The DES investigator testified that on November 19, he had interviewed Mrs. Ortiz and she reported that her husband to the best of her knowledge was living with his mother and that neither she nor her children received any support from him.

We have no problem in finding there was substantial evidence presented that Mrs. Ortiz was receiving support from her husband during the time she was receiving DES food stamp assistance and that her acquisition of food stamps was wrongful and in violation of A.R.S. § 13–1025(A), since the amount involved was more than $100 worth of stamps. We believe the trial court correctly denied appellants' motion for a judgment of acquittal.

Affirmed.

HOWARD, C. J., and RICHMOND, J., concurring.