503 P.2d 958

**STATE of Arizona, Appellee,**

v.

**Charles Edward BYRD, Appellant.**

**No. 2388.**

Supreme Court of Arizona,
In Banc.
Dec. 5, 1972.

Gary K. Nelson, Atty. Gen. by Louis A. Moore, Jr., Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by James H. Kemper, Deputy Public Defender, Phoenix, for appellant.

HAYS, Chief Justice.

Defendant, Charles Edward Byrd, was found guilty by a jury, of the crime of robbery, and was sentenced to not less than five nor more than six years in jail. He appeals from the judgment and sentence.

The facts indicate that one Jimmie Moore got into his car in the early morning hours of April 4, 1971, and shortly thereafter discovered that the defendant and another young man were in the car with him. The other young man was the defendant's

brother, J. D. Byrd. Moore drove to a better lighted section of the city, stopped, and refused to go further. The two men got out, opened the door on the driver's side, kicked Moore in the face, searched him, tore off his shirt, and took his car keys and $17. Two officers in a passing police car rescued him and apprehended the two Byrds. Defendant did not take the stand and offered no witnesses.

Defendant presents only one question: Did the prosecutor's argument to the jury violate defendant's constitutional rights not to take the witness stand and not to have that fact commented upon? These rights have been clearly set forth in Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106.

Defendant presents three remarks of the prosecutor to which he objects. They are:

"The testimony of Mr. Moore has been uncontradicted."

\* \* \* \* \* \*

"There were three people there and he [Mr. Moore] is the one who brought these allegations, and he is the primary person involved in telling you what happened.

He [Mr. Moore] testified upon the stand, and it has not been contradicted, that he had never seen these two guys before."

 Unfortunately for defendant, his point of law has been repeatedly decided by this court in favor of the State. The whole rationale is clearly set forth in State v. Berryman, 106 Ariz. 290, 475 P.2d 472. The prosecution has a right to argue to the jury that the State's case has not been contradicted, even though the defendant is one of the persons who might have done so.

"The true test is, was the reference calculated or intended to direct the atten-

tion of the jury to the defendant's neglect to avail himself of his right?" *Op. cit.*, p. 294, 475 P.2d p. 476.

 In our opinion, no error was committed by the prosecutor's arguments to the jury. Even if these remarks could be interpreted to be calculated to direct the jury's attention to the defendant's failure to testify, defendant is not in a position to urge error at this point because he failed to object to the arguments at the time they were made. State v. Totress, 107 Ariz. 18, 480 P.2d 668.

The prosecuting attorney also stated to the jury:

"This is probably one of the clearest cases I have ever taken to trial, and I think, at least in my own mind, there is not any question, any serious question that Mr. Byrd is guilty of the charge on this case."

 While defendant does not make a separate issue of this in his brief, he does complain that this statement aggravated the prior statements claimed to have been improper. We see no aggravation. However, we wish to point out that it is not only improper but also unethical for an attorney, in his closing argument, to express his personal belief in the defendant's guilt or innocence. State v. Abney, 103 Ariz. 294, 440 P.2d 914. This ruling was based upon Canon of Professional Ethics No. 15, which has now been incorporated into the Code of Professional Responsibility, as Disciplinary Rule No. 106(C)(4), adopted by this court in 1971.

The judgment and sentence of the Superior Court are affirmed.

CAMERON, V. C. J., and STRUCKMEYER, LOCKWOOD and HOLOHAN, JJ., concur.