791 P.2d 1075

**STATE of Arizona,**
**Appellee–Respondent,**

v.

**Loren Edward VAN DEN BERG,**
**Appellant–Petitioner.**

**Nos. 1 CA–CR 88–346, 1**
**CA–CR 89–1286–PR.**

Court of Appeals of Arizona,
Division 1, Department D.

Feb. 22, 1990.

Reconsideration Denied April 2, 1990.

Review Denied June 5, 1990.*

* Corcoran, J., of the Supreme Court, voted to    grant review on Issue 2.

Robert K. Corbin, Atty. Gen. by Jessica G. Funkhouser, Chief Counsel, Crim. Div., and Mark E. Dwyer, Asst. Atty. Gen., Phoenix, for appellee.

William J. Ekstrom, Jr., Mohave County Atty. by Criss E. Candelaria, Deputy County Atty., Kingman, for respondent.

Loren Edward Van Den Berg, Fort Grant, in pro. per.

EHRLICH, Judge.

Loren Edward Van Den Berg appeals from his conviction for aggravated assault and endangerment and from the trial court's denial of post-conviction relief.

Van Den Berg was indicted on two counts of aggravated assault and two counts of endangerment committed with a deadly weapon. His first trial began on August 10, 1987. Prior to trial, the prosecutor orally moved *in limine* to prohibit testimony concerning any juvenile records which the victims may have had. Defense counsel did not object, not knowing of any records, and the trial court granted the motion. The jury was unable to reach a verdict and the court declared a mistrial.

Van Den Berg's second trial began on October 7, 1987. The jury found him guilty on each count; it also found that the offenses were of a dangerous nature. The trial court denied Van Den Berg's *pro se* motion for a new trial. It sentenced him to five and one-half years imprisonment for each count of aggravated assault and one year imprisonment for each count of endangerment, with all terms to run concurrently. The court also assessed Van Den Berg $400 in mandatory felony assessments. Van Den Berg filed a timely notice of appeal.

While the appeal was pending, Van Den Berg filed a petition for post-conviction relief. The trial court summarily denied relief. Van Den Berg filed a motion for rehearing, which was denied. He then filed a timely petition for review. This court consolidated the petition for review with the direct appeal.

The facts as taken in the light most favorable to sustaining the verdict, *State v. Zmich*, 160 Ariz. 108, 109, 770 P.2d 776, 777 (1989), are that, on September 16, 1986, Van Den Berg fired several shots into the air and into the ground to frighten two teenage boys, Shane and Jerry. Shane and Jerry testified that they had been bicycling past Van Den Berg's residence when they were attacked by his dog. They testified that Van Den Berg came out of his trailer and began shouting at the boys. When they yelled back, Van Den Berg returned to his trailer, came back out with a rifle, pointed the rifle at Jerry, and fired several shots into the air and ground. After the

incident, Shane and Jerry contacted the police.

Van Den Berg testified at trial, however, that he had heard his dog barking and had gone outside from his trailer. The trailer was parked in a lot where there was a house being remodeled by Van Den Berg. He found three teenagers trespassing on the front porch of that house; he told them to leave. The three boys became abusive and moved towards him in a threatening manner. Van Den Berg went to his trailer, got his rifle, and fired warning shots to drive the trespassers away. His defense at trial was that he was defending his property from burglary and trespass and that he had felt threatened by the teenagers. Van Den Berg was represented by counsel.

Van Den Berg's appeal and petition for review raise the following issues:

(1) Did the trial court err in denying Van Den Berg's petition for post-conviction relief?

(2) Was Van Den Berg prejudiced by the lack of disclosure of information that may have shown that Shane had a motive to lie about the incident?

(3) Was Van Den Berg prejudiced by the prosecutor's expression of his personal opinion that Van Den Berg's conduct constituted endangerment?

We grant review and relief in part and remand this case for further proceedings.

■ Prior to the first trial, the prosecutor orally moved *in limine* to preclude Van Den Berg from introducing any evidence regarding the victims' possible juvenile criminal records. The trial court granted the motion. Defense counsel made no such references in either trial, apparently believing that there were no such records on either juvenile. After his conviction, however, Van Den Berg hired a private investigator and argued in a petition for post-conviction relief that Shane had an extensive juvenile record, including a number of arrests and convictions for burglary and theft.[1]

■ Van Den Berg contends that the trial court erred by preventing defense counsel from introducing evidence of Shane's prior juvenile record. Van Den Berg acknowledges that Rule 609(d), Arizona Rules of Evidence, limits the introduction of evidence of juvenile adjudications. He contends, however, that Shane's prior juvenile adjudications would help to prove Shane's bias or motive to lie in order to protect his vulnerable status as a juvenile probationer, and therefore would be admissible under Rule 404(b), Arizona Rules of Evidence. *See* M. Udall and J. Livermore, *Law of Evidence*, § 84 (2nd ed. 1982).

We must consider the admissibility of Shane's prior juvenile record under Rules 609(d) and 404(b) in light of the United States Supreme Court's decision in *Davis v. Alaska*, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974). In *Davis*, the defendant was charged with burglary and grand larceny. At trial, the state's key witness was a juvenile who, at the time of the burglary, was on probation as the result of a juvenile adjudication for burglary. Davis sought to introduce the juvenile witness' probationary status to show that the witness had a motive to fabricate a story in order to divert suspicion from himself. The trial court granted a protective order, citing Alaska's Rules of Children's Procedures, forbidding Davis from introducing evidence of the witness' prior juvenile adjudications. The trial court did permit the defendant to attempt impeachment of the witness without reference to the juvenile adjudications. Davis was convicted.

The Supreme Court reversed Davis' conviction, holding that the protective order preventing Davis from introducing evidence of the witness' status as a juvenile probationer violated Davis' Sixth Amendment right of confrontation.

---

1. We will treat Shane's juvenile record as newly-discovered evidence. Defense counsel was entitled to rely on the state's representation that no juvenile records existed. We therefore find that Van Den Berg's post-trial efforts to uncover Shane's record constituted due diligence as required by Rule 32.1(e), Arizona Rules of Criminal Procedure. *See State v. Mann*, 117 Ariz. 517, 520, 573 P.2d 917, 920 (App.1977).

While counsel was permitted to ask [the witness] *whether* he was biased, counsel was unable to make a record from which to argue *why* [the witness] might have been biased or otherwise lacked that degree of impartiality expected of a witness at trial. On the basis of the limited cross-examination that was . permitted, the jury might well have thought that defense counsel was engaged in a speculative and baseless line of attack on the credibility of an apparently blameless witness or, as the prosecutor's objection put it, a "rehash" of prior cross-examination. On these facts it seems clear to us that to make any such inquiry effective, defense counsel should have been permitted to expose to the jury the facts from which jurors, as the sole triers of fact and credibility, could appropriately draw inferences relating to the reliability of the witness. Petitioner was thus denied the right of effective cross-examination which "would be constitutional error of the first magnitude and no amount of showing of want of prejudice would cure it." [Citations omitted; emphasis original.]

*Id.* at 318, 94 S.Ct. at 1111. The Court concluded that "the right of confrontation is paramount to the state's policy of protecting a juvenile offender." *Id.* at 319, 94 S.Ct. at 1112. *Accord State v. Myers*, 117 Ariz. 79, 88, 570 P.2d 1252, 1261 (1977); *cf. State v. Morales*, 120 Ariz. 517, 520–21, 587 P.2d 236, 239–40 (1978) (proper to preclude use of witness' juvenile record when "sought only for the purpose of attacking his general credibility and did not go to a bias or motive for his trial testimony").

Van Den Berg's newly-discovered evidence indicates that Shane may have been on juvenile probation in California on the date of the incident. If Shane was on probation, then *Davis* clearly applies. In this case, as in *Davis*, the credibility of a key state witness would be seriously damaged by evidence of that witness' juvenile probation as a motive for fabrication. Shane's motive for lying would have been stronger than that of the witness in *Davis* since Van Den Berg's testimony indicated that he had interrupted Shane and his companions in the act of criminal trespass or attempted burglary.

In its order denying Van Den Berg's petition for postconviction relief, the trial court incorrectly stated that Van Den Berg had failed to request information about the state's witnesses' criminal records. Defense counsel filed a standard motion for discovery requesting that the prosecutor divulge "[a]ll material or information which tends to mitigate or negate the defendant's guilt as to the offense charged, or which would tend to reduce his punishment therefore, including all prior felony convictions of witnesses whom the prosecution expects to call at trial." This request encompassed Shane's juvenile record. *United States v. Bagley*, 473 U.S. 667, 676, 105 S.Ct. 3375, 3380, 87 L.Ed.2d 481 (1985). Instead, in making an oral motion in limine to prohibit use of a juvenile's history, the prosecutor asserted that he did not know whether there even was a juvenile record for either Shane or Jerry but that, if there were, it could not be used for impeachment purposes.

> [Prosecutor]: Yes, Your Honor, just a motion in limine I guess it would be to preclude the defense counsel from—I don't know if there's any information even but if there is prior juvenile history of any of the juveniles under the rule—and I don't have my book with me—but if there is he can't bring up the juvenile's prior record or any prior history of criminal activity if—for impeachment purposes. I'm not—it just struck me. I would just ask for the record that he be admonished not to make any reference to any prior juvenile history or criminal conduct by either of the two juveniles if they exist and that would include any inference to this incident in the questions.

If Shane was on probation on September 16, 1986, then Van Den Berg was entitled to know this and to use Shane's status as a probationer to impeach him. When presented with Van Den Berg's newly-discovered evidence indicating that Shane may have been on probation on September 16, 1986, the trial court should have inquired whether Shane was in fact on probation.

We therefore remand with instructions to the trial court to make a determination as to whether Shane was on probation in Arizona or any other state on September 16, 1986. If Shane was on probation, then the trial court's order preventing Van Den Berg from introducing evidence of Shane's juvenile record was a violation of Van Den Berg's Sixth Amendment right to confrontation, and he must be given a new trial without further order of this court. If he was not on probation, then the conviction stands.

In his petition for post-conviction relief, Van Den Berg argues that he received ineffective assistance from trial counsel. The United States Supreme Court set forth the standard for determining effectiveness of counsel in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See also State v. Fisher*, 152 Ariz. 116, 118, 730 P.2d 825, 827 (1986). In order to establish ineffective assistance of counsel, a defendant must show that "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2064. A defendant must also show that counsel's ineffectiveness prejudiced him at trial. *Id.* at 692, 104 S.Ct. at 2067.

Defense counsel made the requisite effort on behalf of his client. We find nothing to show that his conduct constituted ineffective assistance of counsel.

The above suggests an issue that bears mention to prevent repetition. In *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196–97, 10 L.Ed.2d 215 (1963), the United States Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or punishment irrespective of the good faith or bad faith of the prosecution." *See also State v. Rivera*, 152 Ariz. 507, 511, 733 P.2d 1090, 1094 (1987). In this case, the defense counsel made the appropriate discovery request. *Bagley*, 473 U.S. at 676, 105 S.Ct. at 3380. It appears from the record that the prosecutor failed to comply with the dictates of *Brady*. This failure precipitated the necessity of a remand in this case to ascertain whether a new trial is necessary. *See Bagley*, 473 U.S. at 676, 105 S.Ct. at 3380.

Additionally, the prosecution's theory at trial was that Van Den Berg endangered Shane and Jerry by firing his weapon in their presence. During closing arguments, the prosecutor stated, without objection:

That ladies and gentlemen is substantial risk and also the pointing of a gun at Jerry. Just the fact they're in the area where the fragments are flying.

Remember Mr. Hueske. He said he measured that fragment. They were what made up the bullet. He testified they were high intensity type of bullets and that they had a strong knock down power whatever they hit *so was there a substantial likelihood Shane and Jerry were going to be injured or be killed. I think so ladies and gentlemen based on the evidence.* [Emphasis added.]

It is improper and unethical for an attorney in his closing argument to express his personal opinion as to a defendant's guilt or innocence. *State v. Byrd*, 109 Ariz. 10, 11, 503 P.2d 958, 959 (1972). The prosecutor's comment was more than an expression of his opinion as to the weight of the evidence; he was stating his opinion that the ultimate question at issue had been established.

Because defense counsel did not object to the prosecutor's statement, Van Den Berg waived this issue absent fundamental error. *State v. Kreps*, 146 Ariz. 446, 450, 706 P.2d 1213, 1217 (1985). In order to constitute fundamental error, the prosecutor's comment had to be so egregious as to deprive the defendant of a fair trial, and to render the resulting conviction a denial of due process. *State v. Dumaine*, 162 Ariz. 392, 401, 783 P.2d 1184, 1193 (1989), citing *United States ex rel. Shaw v. De Robertis*, 755 F.2d 1279 (7th Cir. 1985). Because this was a solitary comment with no objection, and the jury was instructed that the attorneys' opinions were not evidence, no fundamental error depriving Van Den Berg of a fair trial occurred. *Cf. State v. Filipov*, 118 Ariz. 319, 323–24, 576 P.2d 507, 511–12 (App.

1978). However, we admonish the prosecutor not to make such statements should a new trial be granted in this case.

For the foregoing reasons, this matter is remanded to the superior court with instructions to determine whether Shane was on juvenile probation on September 16, 1986. If the trial court so finds, it is directed to grant Van Den Berg a new trial.

GRANT, C.J., concurs.

GERBER, Judge, dissenting in part:

I concur in all respects of this appeal except for the majority's characterization of the prosecutor's closing argument. Rather than unethical or otherwise improper, it appears to me as a wholly proper argument to the effect that, based on the prosecutor's recall of the evidence, the elements of the crime charged were satisfied. The phrase "I think" is not an invariably improper statement of opinion, particularly so in this context.