994 P.2d 407

**In re ANTHONY H.**

**No. 1 CA–JV 98–0258.**

Court of Appeals of Arizona, Division 1, Department A.

July 1, 1999.

Richard M. Romley, Maricopa County Attorney by Linda Alauria, Deputy County Attorney, Phoenix, Attorneys for Appellee.

Dean W. Trebesch, Maricopa County Public Defender by Suzanne Weschler Sanchez, Deputy Public Defender, Mesa, Attorneys for Appellant.

* Justice Stanley G. Feldman, recused himself; pursuant to ARIZ. CONST. Art. VI, § 3, the Honorable Philip G. Espinosa, Judge of the Court of Appeals, Division Two, was designated to sit in his stead.

OPINION

NOYES, Judge.

¶ 1 After a police officer found a .22 caliber handgun in Juvenile's pocket, Juvenile was arrested and charged with violating Arizona Revised Statutes Annotated ("A.R.S.") sections 13–3111 (Supp.1998) (prohibiting minors from possessing firearms) and 13–3112 (Supp.1998) (prohibiting the carrying of a concealed weapon without a permit). Section 13–3111 applies only in counties with a population of more than 500,000.[1]

¶ 2 At the adjudication hearing, the State's cross-examination of Juvenile included the following exchange:

Q. Now, Anthony, this isn't your first visit to juvenile court, is it?

A. No.

[DEFENSE COUNSEL]: Objection, Your Honor, this is getting off the actual charge that he's charged with.

THE COURT: Mr. Blair, any prior contacts with the juvenile court you wish to address the relevance?

[PROSECUTOR]: Yes, Your Honor. Certainly prior felony convictions are relevant as to credibility as a witness.

THE COURT: Does Counsel avow to the court that the juvenile has prior felony convictions?

[PROSECUTOR]: Yes, Your Honor.

THE COURT: Very well. I'll allow the question.

Please go ahead.

(Pause.)

Q. BY [PROSECUTOR]: In fact, sir, in August of 1995, you were adjudicated delinquent of burglary, a class-three felony; isn't that correct?

A. Yes.

¶ 3 The only purpose for offering evidence of this prior adjudication was to argue that it impeached Juvenile's credibility, which the State did in final argument, as follows:

This is a—the only thing that rebuts the State's case is a witness'—who's the accused—obvious bias and interest; a witness who has prior felony convictions which go to his credibility as a witness and credibility for truthfulness.

¶ 4 After the State rested, Juvenile moved for a judgment of acquittal pursuant to Rule 20, Arizona Rules of Criminal Procedure, contending that the State had failed to produce evidence that the population of Maricopa County was over 500,000. In denying the motion, the court stated that it was taking "judicial notice of the fact that it is common knowledge that Maricopa County has more than a million inhabitants and has had for some period of time."

¶ 5 Juvenile was adjudicated delinquent and this appeal followed. We have jurisdiction pursuant to A.R.S. section 8–236 (1999) and Rules 24 through 29 of the Rules of Procedure for the Juvenile Court.

¶ 6 Juvenile argues that the court erred by taking judicial notice that the population of Maricopa County exceeded 500,000 persons. The court did not err. Judicial notice of a fact is proper if the fact is "so notoriously true as not to be subject to reasonable dispute." *State v. Lynch,* 115 Ariz. 19, 22, 562 P.2d 1386, 1389 (App.1977); *see also Bade v. Drachman,* 4 Ariz.App. 55, 68–69, 417 P.2d 689, 702–03 (1966) (holding that court may take judicial notice of facts that are indisputable and "capable of immediate accurate demonstration").

¶ 7 Juvenile does not dispute that Maricopa County has a population of more than 500,000 persons. Instead, he argues that the court erred by taking judicial notice of that fact with "no recitation of what the approximate population figure might be." He argues that the court could not take judicial notice of population without having documentation of that fact (such as the 1990 U.S. decennial census report, which states that Maricopa County has a population of 2,122,-101 persons). We agree with the juvenile

---

1. A.R.S. section 13–3111(H) reads:

    **H.** This section applies only in counties with populations of more than five hundred thousand persons according to the most recent decennial census. Counties with populations

of five hundred thousand persons or less according to the most recent decennial census, or cities or towns within those counties, may adopt an ordinance identical to this section.

court that it is common knowledge, not open to dispute, that Maricopa County's population has exceeded 500,000 persons for many years. Given that common knowledge, it was not necessary for the court to view any particular documentation before taking judicial notice of that fact. *See State v. Fatty*, 150 Ariz. 587, 590, 724 P.2d 1256, 1259 (App.1986) (taking judicial notice of the fact that if a person cannot breathe, that person will die).

¶ 8 Juvenile next argues that the State improperly impeached him with a prior delinquency adjudication. We agree. The State impeached Juvenile with his prior adjudication as though it were a felony conviction admissible under Rule 609(a), Arizona Rules of Evidence, which provides as follows:

> **(a) General Rule.** For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime shall be admitted if elicited from the witness or established by public record, if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect, and if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted or (2) involved dishonesty or false statement, regardless of the punishment.

¶ 9 Use of a juvenile adjudication to attack the credibility of an accused is precluded by Rule 609(d), which provides as follows:

> **(d) Juvenile Adjudications.** Evidence of juvenile adjudication is generally not admissible under this rule. The court may, however, in a criminal case allow evidence of a juvenile adjudication of a witness other than the accused if conviction of the offense would be admissible to attack the credibility of an adult and the court is satisfied that admission in evidence is necessary for a fair determination of the issue of guilt or innocence.

¶ 10 The State argues that Rule 609, which is entitled "Impeachment by Evidence of Conviction of Crime," does not preclude impeachment with evidence of a juvenile adjudication because an adjudication is not a conviction. *See* A.R.S. § 8–207(A) (1999). That argument has no place in a case where the State used a prior adjudication to avow that "[J]uvenile has prior felony convictions," and to argue that Juvenile "has prior felony convictions which go to his credibility as a witness and credibility for truthfulness."

¶ 11 The State also argues that A.R.S. section 8–207(B) allows juvenile adjudications to be used for impeachment in both criminal and juvenile cases.[2] This argument overstates the intent of section 8–207(B), which is to prohibit the use of adjudications against the juvenile in any proceeding other than juvenile and criminal cases—where Rule 609(d) applies. As we have explained, Juvenile's prior adjudication was not admissible Rule 609 impeachment of him in this case. *See also State v. Tovar*, 187 Ariz. 391, 395, 930 P.2d 468, 472 (App.1997) (Gerber, J., dissenting) ("Use of juvenile adjudications to impeach defendant-witnesses undermines the historic public policy behind Rule 609(d)."); *State v. Van Den Berg*, 164 Ariz. 192, 194, 791 P.2d 1075, 1077 (App.1990) (acknowledging that Rule 609(d) "limits the introduction of evidence of juvenile adjudications").

¶ 12 The State claims that juvenile adjudications are now admissible in both criminal and juvenile cases by virtue of Article 4, Part 2, section 22, which was added to the Arizona Constitution in 1996, and which states, in pertinent part:

> 3. All proceedings and matters involving juveniles accused of unlawful conduct shall be open to the public and all records of those proceedings shall be public records. Exceptions shall be made only for the protection of the privacy of innocent victims of crime, or when a court of competent jurisdiction finds a clear public interest in confidentiality.

The amendment does indicate a legislative shift in attitude from the protection of juvenile records to their disclosure, but it cannot fairly be construed as a legislative effort to

---

**2.** A.R.S. section 8–207(B) reads:

> **B.** The disposition of a juvenile in the juvenile court may not be used against the juvenile in any case or proceeding other than a criminal or juvenile case in any court, whether before or after reaching majority, except as provided by § 13–2921.01 or §§ 28–3304, 28–3306 and 28–3320.

supersede Rule 609(d) regarding admission of evidence.

■ ¶ 13 We conclude, however, that the error in allowing Juvenile to be impeached with a prior adjudication was harmless beyond a reasonable doubt. The incriminating evidence was found in Juvenile's pocket. The arresting officer identified Juvenile in court and was "certain" that Juvenile was the person he arrested. The officer testified that the arrestee identified himself by stating Juvenile's name, address, date of birth, and phone number. The only other witness was Juvenile, who testified that the arrestee was a friend who looked like him, dressed like him, and wore his hair like him. Juvenile did not know this friend's last name or where he lived. On the record in this two-witness bench trial, we conclude that no reasonable possibility exists that the court would have reached a different verdict if it had not admitted evidence of Juvenile's prior adjudication.

¶ 14 The adjudication and disposition are affirmed.

CONCURRING: REBECCA WHITE BERCH, Presiding Judge, and JON W. THOMPSON, Judge.