IN THE MATTER OF:  S.S.T.

No. COA03-990

(Filed 20 July 2004)

**Evidence; Juveniles— prior juvenile delinquency adjudications—admissible in subsequent adjudications**

    Evidence of prior juvenile delinquency adjudications was properly admitted to impeach the juvenile's credibility in a subsequent adjudication proceeding. The clear intent of the legislature in adopting N.C.G.S. § 8C-1, Rule 609(d) and N.C.G.S. § 7B-3201(b) was to provide that a prior juvenile adjudication is admissible in a juvenile proceeding where the juvenile takes the stand in his own defense, even though that evidence is not admissible in a criminal case.

Appeal by juvenile from an order entered 19 March 2003 by Judge Avril U. Sisk in Mecklenburg County District Court. Heard in the Court of Appeals 24 May 2004.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Margaret P. Eagles, for petitioner-appellee.*

*Russell J. Hollers III, for respondent-appellant.*

HUNTER, Judge.

S.S.T. ("juvenile") appeals from an order dated 19 March 2003 adjudicating him as a delinquent juvenile based on a finding that he committed the offenses of disorderly conduct, resisting, obstructing and/or delaying an officer, and assault on a govern-

<hr>

ment officer/employee. As a consequence, a dispositional order was filed on 14 March 2003, requiring juvenile to serve 12 months of supervised probation and perform 100 hours of community service. We conclude that evidence of juvenile's prior juvenile adjudications was properly admitted to impeach juvenile's credibility under N.C. Gen. Stat. § 7B-3201(b) and affirm the adjudication order.

Juvenile denied the allegations of the petition and, accordingly, a juvenile hearing was conducted. During cross-examination of the juvenile by the State during the adjudication phase of the proceeding, the prosecutor inquired if juvenile had been adjudicated delinquent on three prior occasions. These prior adjudications included one for assault, a second consisting of one assault on school personnel and a simple assault, and a third for communicating threats. Juvenile, through counsel, did not object to this questioning. Juvenile admitted these prior offenses.

The dispositive issue in this case is whether it was error to admit evidence of the prior juvenile adjudications as impeachment evidence.[1]

In a juvenile delinquency proceeding, "[i]f the juvenile denies the allegations of the petition, the court shall proceed in accordance with the rules of evidence applicable to criminal cases." N.C. Gen. Stat. § 7B-2408 (2003). Rule 609 of the North Carolina Rules of Evidence provides for the admissibility of prior criminal convictions to attack the credibility of a witness. See N.C. Gen. Stat. § 8C-1, Rule 609 (2003). Under this rule, "[e]vidence of juvenile adjudications is generally not admissible . . . ." N.C. Gen. Stat. § 8C-1, Rule 609(d). The juvenile code, however, expressly and specifically provides that "in any delinquency case if the juvenile is the defendant and chooses to testify . . . , the juvenile may be ordered to testify with respect to whether the juvenile was adjudicated delinquent." N.C. Gen. Stat. § 7B-3201(b) (2003).

Even though N.C. Gen. Stat. § 7B-3201 deals with the effect of expunction of juvenile records, the plain language of subsection (b) of that statute by its clear and unambiguous language applies to *any* juvenile delinquency case, not just those in which a juvenile is questioned about an adjudication which has been expunged. Therefore, a juvenile in a delinquency proceeding who takes the stand in his own defense, as in this case, is subject to being cross-examined about

---

1. Because we conclude admission of these prior adjudications was not error, we do not need to address whether their admission was plain error.

prior delinquency adjudications under N.C. Gen. Stat. § 7B-3201, notwithstanding Rule 609(d) of the Rules of Evidence. This is supported by a brief review of the statutory history behind both N.C. Gen. Stat. § 7B-3201 and Rule 609(d) of the Rules of Evidence.

N.C. Gen. Stat. § 7B-3201 was originally enacted as N.C. Gen. Stat. § 7A-601, *see* 1979 N.C. Sess. Laws ch. 815, § 1, and later codified at N.C. Gen. Stat. § 7A-677. Under the original statute, evidence of a prior juvenile delinquency adjudication was admissible against a juvenile who took the stand as a defendant in both criminal and delinquency proceedings. *See State v. Baker*, 312 N.C. 34, 46, 320 S.E.2d 670, 678 (1984). When the current rules of evidence were adopted by our legislature in 1983, *see* 1983 Sess. Laws ch. 701 § 1, they included Rule 609(d) providing that in general juvenile adjudications were not admissible, *see* N.C. Gen. Stat. 8C-1, Rule 609(d). The exception to this rule provided, as it still does, that a trial court may

> in a criminal case allow evidence of a juvenile adjudication of a witness other than the accused if conviction of the offense would be admissible to attack the credibility of an adult and the court is satisfied that admission in evidence is necessary for a fair determination of the issue of guilt or innocence.

N.C. Gen. Stat. § 8C-1, Rule 609(d). Commentary to Rule 609 urged the legislature to amend then N.C. Gen. Stat. § 7A-677 to conform to this rule. *See* N.C. Gen. Stat. § 8C-1, Rule 609, official commentary, (2003). The legislature subsequently amended former Section 7A-677 to omit the reference to criminal cases, but left prior juvenile adjudications admissible in juvenile delinquency proceedings against a juvenile taking the stand. *See* 1984 N.C. Sess. Laws ch. 1037, § 7. Section 7A-677 was then re-codified in our current juvenile code at N.C. Gen. Stat. § 7B-3201. *See* 1998 Sess. Laws ch. 202, § 6.

Thus, the clear intent of our legislature in adopting Rule 609 and Section 7B-3201(b) was to provide that although evidence of a prior juvenile adjudication is not admissible in a criminal case, evidence of a prior juvenile adjudication is admissible in a juvenile proceeding where the juvenile takes the stand in his own defense. In the case *sub judice*, juvenile took the stand in his own defense. Therefore, in this case it was not error to admit evidence of juvenile's prior adjudications.[2]

---

2. We note that the Arizona Court of Appeals reached a different conclusion, holding that admission of prior juvenile adjudications to impeach a juvenile was error, that decision, however, was made solely under Rule 609(d). *See In re Anthony H.*, 994 P.2d 407, 409 (Ariz. App. 1999).

As a practical matter, allowing the admission of a juvenile's prior delinquency adjudications as impeachment evidence under N.C Gen. Stat. § 7B-3201(b) is logical for two reasons. First, it is only reasonable, in the limited setting of a juvenile delinquency proceeding, that the State be allowed to impeach the credibility of a juvenile who takes the stand in his own defense with the juvenile's prior adjudications for committing criminal offenses, in the same way that the credibility of a defendant in a criminal proceeding may be impeached with prior convictions for those same criminal offenses. Second, as juvenile delinquency proceedings are conducted by bench trial, it is presumed that the trial court will only consider competent evidence, *see In re Morales*, 159 N.C. App. 429, 433, 583 S.E.2d 692, 694 (2003), thus mitigating any possibility that the prior adjudications would be considered for an improper purpose.

Juvenile also argues that it was error for the prosecutor to recite details of the prior adjudications in cross-examining him. A review of the transcript, however, shows that the prosecutor simply refreshed juvenile's memory by naming the victim of one of the simple assaults and the victim of the communicating threats adjudication as well as the fact that it involved a death threat. *See State v. White*, 349 N.C. 535, 554-55, 508 S.E.2d 253, 265-66 (1998) (not error under Rule 609 to recite certain factual elements of prior convictions in order to jog a defendant's memory). Accordingly, we conclude there was no error and affirm the adjudication of delinquency.

Affirmed.

Chief Judge MARTIN and Judge TIMMONS-GOODSON concur.