562 P.2d 1386

**STATE of Arizona, Appellee,**

v.

**John Willie LYNCH, Jr., Appellant.**

**No. 1 CA–CR 2072.**

Court of Appeals of Arizona,
Division 1,
Department A.

April 7, 1977.

Bruce E. Babbitt, Atty. Gen. by Diane M. DeBrosse, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Michael G. Sullivan, Deputy Public Defender, Phoenix, for appellant.

## OPINION

HAIRE, Judge.

The issue in this case is whether appellant's probation was properly revoked on the basis of the judge's knowledge that, during a trial at which appellant was acquitted of a charge of rape, he had "admitted" that he had committed adultery.

Appellant, John Willie Lynch, Jr., was placed on probation for five years in 1973 following a plea of guilty to a charge of sale of dangerous drugs. Term No. 1 of this probation was that he "remain a law-abiding citizen."

On April 15 and 16 of 1976, appellant was tried and acquitted of a charge of rape. At the conclusion of appellant's trial, immediately after the jury returned its verdict finding defendant not guilty, the deputy county attorney requested that the court hold appellant in custody.

The following colloquy ensued:

"MR. OSBORN [Deputy County Attorney]: Your Honor, I believe, the Defendant was in custody for probation violation in regard to the charge the Court now has in regards to the charge his been [sic] found not guilty.

I ask he be held pending imposition of the sentence on his probation violation; since in fact he did admit on the stand he did commit the crime of adultery on August 23, 1975.

"THE COURT: That is true. Adultery.

I presume the proceedings will be filed to revoke probation?

"MR. OSBORN: Yes. The Court can take judicial notice there has been a violation. The record clearly shows there has been a violation. We ask it be set down for a hearing."

On April 19, 1976, a petition to revoke appellant's probation was filed on the grounds that:

"There is probable cause to believe that the defendant violated Term #1, of his probation, in that on or about October 1, 1975, he committed the crime of Burglary and on April 15, 1976, the defendant admitted he committed the crime of adultery [sic] on August 23, 1975."

At his subsequent arraignment on the probation violation petition, appellant denied both the burglary and the adultery charges.

The violation hearing was held before the same judge who had presided at the rape trial. No evidence as to either the burglary or the adultery charge was presented. The court reserved its ruling on the burglary charge, but found:

". . . from the Defendant's admission in my Court on the previous trial, that he did violate Term One of the term of his probation, by violating the law by committing Adultery."

On this appeal, appellant contends that the finding that he violated a term of his probation by committing adultery is invalid both because the probation violation hearing failed to comply with the processes required by the Arizona Rules of Criminal Procedure, and because the requirements delineated in the statute proscribing adultery in order to prosecute for that crime were not met. We agree with both contentions.

If defendant's testimony during the rape trial that he committed adultery was used at his probation violation hearing as an admission that he violated a condition of his probation, Rule 27.8 of the Arizona Rules of Criminal Procedure provides the safeguards to ensure that such admission is voluntary:

"Rule 27.8 Admissions by the probationer

Before accepting an admission by a probationer that he has violated a condition or regulation of his probation, the court shall address him personally and shall determine that he understands the following:

(a) The nature of the violation of probation to which an admission is offered.

(b) His right to counsel if he is not represented by counsel.

(c) His right to cross examine the witnesses who testified against him.

(d) His right to present witnesses in his behalf.

(e) If the alleged violation involves a criminal offense for which he has not yet been tried, the probationer shall be advised, at the beginning of the revocation hearing, that regardless of the outcome of the present hearing, he may still be tried for that offense, and any statement made by him at the hearing may be used to impeach his testimony at the trial.

The court shall also determine that the defendant wishes to forego these rights, that his admission is voluntary and not the result of force, threats or promises and that there is a factual basis for the admission."

As appellant points out, there is no record here presented that any statement defendant made in the trial on the rape charge was accompanied by these warnings and complied with the requirements expressed in Rule 27.8. We therefore assume that whatever statements appellant may have made in the rape trial were not used by the judge as a Rule 27.8 admission, especially in light of the fact that the appellant expressly *denied* that he had committed the adultery at his arraignment on the probation violation petition.

Presumably, therefore, the appellant's earlier testimony was used by the judge as substantive evidence on the issue of whether the defendant had in fact committed the acts alleged as constituting a violation of the terms of his probation.

No evidence at all concerning the fact of violation was presented at the hearing; the only mention was the court's statement, as above quoted, finding from the defendant's earlier testimony at the rape trial that he

had committed adultery. There was no effort to put defendant's earlier statement into evidence through either oral testimony or by means of a transcript of the prior proceedings. What the court seems to have done is to take judicial notice of the "fact" that the defendant committed adultery.

■ This is not an appropriate use of the device of judicial notice. A fact of which a court may take judicial notice· must be so notoriously true as not to be subject to reasonable dispute, so that evidence may not be received to dispute it. *Phelps Dodge Corp. v. Ford*, 68 Ariz. 190, 203 P.2d 633 (1949); *Bade v. Drachman*, 4 Ariz.App. 55, 417 P.2d 689 (1966).

■ Although it has been held that it is proper for a court to take judicial notice of procedural facts reflected in the record of another superior court action, such as the presence of counsel, see *State v. Valenzuela*, 109 Ariz. 109, 506 P.2d 240 (1973), no authority has been cited which would extend this reasoning so as to permit the taking of judicial notice of the truth of testimony received in that other action. We further note that even if the state had properly presented the issue, the commission of adultery could not have been proved as a *res judicata* finding which had necessarily been decided in the previous case.

Arizona's rules regarding a probation violation hearing expressly allow the judge to receive reliable hearsay, Rule 27.7(b)(3).[1] Arizona would also allow a prior inconsistent statement to be used as substantive evidence to establish the truth of facts recited in it. *State v. Skinner*, 110 Ariz. 135, 515 P.2d 880 (1973). However, here the trial judge attempted to use the prior testimony, without its being introduced in evidence, as conclusively establishing appellant's guilt of the offense charged, thereby depriving appellant of an opportunity to confront or explain it at the hearing, and depriving this reviewing court of its benefit

as evidence in support of the trial court's finding.

The effect of this use was to make defendant's statement binding and conclusive as to the truth of facts within it. Since it was not made under circumstances indicating compliance with the standards of Rule 27.8, it cannot be considered as an admission which would eliminate the necessity for a violation hearing. In addition, since it was not introduced into evidence at a violation hearing and was not an appropriate subject for judicial notice, a finding of probation violation cannot be based upon it.

The state argues that because no record of this purported admission in the earlier case was sent to this court for review we must assume that such a record supports the actions of the trial court. The short answer to this contention is that, even if we were to assume that the record of appellant's testimony might have furnished an adequate basis for a probation violation finding, there is still no evidence *in the record of this proceeding* which supports the finding of such a violation. If the record in the rape case had been properly offered and proved, whether to support the finding of the fact of adultery or as an admission by defendant pursuant to Rule 27.8, it would have been defendant's responsibility to bring such a record before us for review. *See Visco v. Universal Refuse Removal Co.*, 11 Ariz.App. 73, 462 P.2d 90 (1970). But here, where no evidence was offered, the complete record accurately reflects this lack.

Appellee's argument that defendant waived whatever flaws existed in the revocation proceeding by failing to object is also unpersuasive. On April 21st defendant filed a motion to vacate the order finding defendant in violation of probation which the trial court had entered immediately following the April 16th verdict in the rape trial. In that motion defendant raised sev-

---

1. Rule 27.7(b)(3) reads:

"(3) A violation must be established by a preponderance of the evidence. Each party may present evidence and shall have the right to cross examine witnesses who testify. The court may receive any reliable evidence not legally privileged, including hearsay."

eral objections to the court's failure to follow the Arizona Rules of Criminal Procedure in finding him in violation of probation. He also pointed out that Rule 27.7(e) provides the only instance when a violation hearing is not required. That rule in effect allows the trial judge in probation revocation proceedings to take judicial notice of prior proceedings in the same court, "if there has been a determination of guilty." [2] Although the matter was subsequently set for a violation hearing, at that hearing the judge proceeded to find defendant in violation without any violation evidence, expressly stating that he had considered defendant's memorandum of law on that issue. Under these circumstances, further objection by defendant would have been useless, and was not required.

Since, upon remand, there may be further proceedings to revoke appellant's probation based on the allegation of adultery, we will now consider appellant's contentions regarding whether his probation could be revoked on that basis.

Appellant contends that the alleged adultery cannot constitute a basis for the revocation of his probation because the state has not met the requirements for prosecution set out in the adultery statute.

A.R.S. § 13–221 provides:

"§ 13–221. Definition; punishment; limitation on prosecution

"A. A married person who has sexual intercourse with another than his or her spouse, and an unmarried person who has sexual intercourse with a married person not his or her spouse, is guilty of adultery, and shall be imprisoned in the state prison for not more than three years. When the act is committed between parties only one of whom is married, both shall be punished.

"B. No prosecution for adultery shall be commenced except upon complaint of the husband or wife."

The statute requires that before a prosecution for adultery can be commenced, a complaint must be made by "the husband or wife".

Arizona has no appellate decisions explaining the purposes of these requirements for prosecution under the adultery statute. Our statute was taken from Iowa; [3] the Iowa cases have enforced the requirement of a complaint by the husband or wife as necessary to a prosecution. *See State v. Loftus*, 128 Iowa 529, 104 N.W. 906 (1905); *State v. Donovan*, 61 Iowa 278, 16 N.W. 130 (1883). The latest pronouncement in Iowa explaining the purpose of this restriction on prosecution referred to the reluctance by the state to proceed with prosecution for this offense in view of the possibility of reconciliation which would be foreclosed and the incidental injuries which result to the innocent spouse and children when someone is prosecuted under the adultery statute. *State v. Ronek*, 176 N.W.2d 153, 41 A.L.R.3d 1329 (Iowa 1970).

The Minnesota adultery statute [4] also contains the requirement that no prosecution is to be commenced except on complaint of the husband or wife. The purpose of the restriction has been explained as follows:

"The statute defining adultery and fixing the punishment (G.S.1913, § 8702) provides that 'no prosecution shall be commenced except upon complaint of the husband or the wife.' We do not think this means that a formal complaint must be first made before a committing magistrate. The purpose of the statute is, as stated in *State v. Armstrong*, 4 Minn. 335 (Gil. 251), to prevent prosecutions for this crime unless the innocent spouse 'feels

---

2. Rule § 27.7(e) reads as follows:

"e. Disposition Upon Determination of Guilt of Subsequent Offense. If there is a determination of guilty, as defined by Rule 26.1(c) of a criminal offense by the court which placed a probationer on probation, no violation hearing shall be required and the court shall set the matter down for a disposition hearing at the time set for entry of judgment on the criminal offense."

3. 54 Iowa Code Ann. § 702.1 (1946) is almost identical to A.R.S. § 13–221.

4. 40 Minn.Stats.Ann. § 609.36 (1963).

sufficiently injured by it' to institute proceedings. As said in *State v. Brecht*, 41 Minn. 50, 42 N.W. 602, '*If the parties injured choose to acquiesce in the wrong done, no one else ought to be allowed to move in the matter.*'"

(Emphasis added). *State v. Marshall*, 140 Minn. 363, 168 N.W. 174 at 174 (1918).

The Arizona statute is ambiguous as to whether only the complained against person's own husband or wife (as opposed to the husband or wife of the other allegedly adulterous partner) may make this complaint. However, the resolution of this ambiguity is unnecessary to our decision here, in that there has been no showing that an initiating complaint was made by any husband or wife.[5]

■■ The state argues that the statute proscribes adulterous conduct as a crime, and that no matter what procedural impediments the statute may impose as a condition to prosecution for that crime, the adulterous conduct must still be considered as prohibited under the term of appellant's probation which requires that he remain a "law-abiding citizen". We do not agree. We cannot regard the statutory restrictions on prosecution as mere surplusage, but must assume that they were included in the statute in order to achieve some balance between punishment for the harms caused

5. Nor is there any evidence in the record as to compliance with the requirement that "both parties be punished" if only one is married.

6. In view of the result we reach, we need not discuss in detail at this time other potential problems inherent in the statute. The statute is an old one, and, as the Minnesota Advisory Committee Comment observed:

by the offense, and the increased harm to the family which prosecution would bring. To hold otherwise would allow the state to completely disregard the legislative intention evidenced by the express provisions of the statute. It is our opinion that the requirements which the legislature has imposed as prerequisite for any prosecution under this statute must be considered as integral parts of the statutory mandate. Those requirements demonstrate without question that the legislature has decided that, as a matter of public policy, adultery is to be prosecuted as a crime only under certain circumstances, *or not at all*. Applying that legislative policy decision, we hold that the conduct proscribed cannot be utilized as a vehicle for a determination that there has been a violation of the criminal law unless all of the statutory requirements have been met. This necessarily requires that the legislative reluctance to prosecute for this crime except on a complaint of the husband or wife must also be observed in a probation violation hearing as in a prosecution for the offense.[6] Since there has been no such showing here, appellant cannot be found in violation of the term of his probation which required that he remain a law-abiding citizen.

The judgment and sentence appealed from are reversed.

NELSON, P. J., and DONOFRIO, J., concur.

"* * * while the offense appears to be comparatively widespread there are few prosecutions. The American Law Institute recommends that adultery not be made a crime other than the crime of fornication."