NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

ELIZABETH ARZOLA
NKA: ELIZABETH GILLETTE,
*Petitioner/Appellee*,

v.

GABRIEL ARZOLA,
*Respondent/Appellant*.

No. 1 CA-CV 19-0702 FC

FILED 10-15-2020

---

Appeal from the Superior Court in Yuma County
No. S1400D0201001367
The Honorable Levi Gunderson, Judge *Pro Tempore*

**AFFIRMED IN PART; VACATED IN PART**

---

COUNSEL

Curry Pearson & Wooten PLC, Phoenix
By Daniel Seth Riley
*Counsel for Petitioner/Appellee*

Law Office of Phil Hineman PC, Mesa
By Phillip D. Hineman, Jr.
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge Cynthia J. Bailey delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Kent E. Cattani joined.

---

**B A I L E Y**, Judge:

¶1　　　　Gabriel Arzola ("Father") appeals the trial court's order modifying legal decision making, parenting time, and child support for his three minor children. For the following reasons, we affirm the court's legal-decision-making and child-support orders, but we vacate the court's parenting-time order and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

¶2　　　　Father and Elizabeth Gillette ("Mother") married in 2002 and had three daughters together: J.A.A., born October 2003; L.A., born January 2006; and J.A., born January 2008 (collectively, the "Children"). Mother filed for dissolution of marriage in December 2010, and the dissolution was finalized in December 2011.

¶3　　　　Mother subsequently remarried, and in 2017, she petitioned to relocate with the Children to South Carolina due to her husband's military transfer. At that time, both Mother and Father lived in Yuma. Mother was Children's primary residential parent and Father exercised parenting time every other weekend. After a hearing, the trial court granted Mother's petition to relocate and adopted a long-distance parenting plan granting Father summer and holiday parenting time. Father's first holiday parenting time was scheduled for December 2017.

¶4　　　　A few weeks before the December 2017 parenting time, Mother and her husband discovered cuts on J.A.A.'s wrist. After Mother questioned J.A.A. about the cuts, J.A.A. disclosed that Father had been sexually abusing her since she was eleven years old. On December 19, 2017, Mother petitioned to modify legal decision making and parenting time and moved for emergency temporary orders. The trial court suspended Father's parenting time on an emergency basis and set the matter for trial. Father filed a notice pursuant to Arizona Rule of Family Law Procedure 2(b), requiring strict compliance with the Arizona Rules of Evidence during the proceeding.

¶5          On June 17, 2019, Mother filed an amended petition seeking modification of legal decision making (custody), parenting time, and child support.  The amended petition incorporated by reference the allegations of sexual abuse documented in the December 19, 2017, petition and motion for emergency temporary orders.

¶6          During a two-day trial, the trial court heard testimony from witnesses for both sides, including many family members and a licensed psychologist who performed a psycho-sexual evaluation of Father.  After trial, the court awarded Mother sole legal decision making authority, designated Mother as the Children's primary residential parent, required Father's parenting time with L.A. and J.A. to be supervised and in the Children's home state, and prohibited parenting time with J.A.A.  The court also increased Father's monthly child support.

¶7          Father timely appealed the trial court's decision.  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes §§ 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

¶8          Father raises multiple issues on appeal.  First, he claims the trial court made findings that were contrary to the law and not supported by the evidence.  Second, he argues the court abused its discretion by ordering supervised parenting time as to J.A. and L.A. because insufficient evidence supported the order and the order does not allow for frequent and meaningful parenting time.  Third, he claims the trial court erred by adopting findings from the temporary orders in its final order.  Fourth, Father asserts the court erred by attributing minimum wage income to Mother when calculating child support.  Finally, he alleges Mother failed to properly plead and disclose the specific allegations of sexual misconduct that J.A.A. disclosed at trial.  We address each issue in turn.

I.          Standard of Review.

¶9          We review custody and parenting time orders for an abuse of discretion.  *Nold v. Nold*, 232 Ariz. 270, 273, ¶ 11 (App. 2013).  We will not disturb the trial court's findings unless there is "a clear absence of evidence" in the record to support them.  *Pridgeon v. Superior Court*, 134 Ariz. 177, 179 (1982).  We defer to the trial court and will not reweigh evidence because the trial court "is in the best position to weigh the evidence, observe the parties, judge the credibility of witnesses, and resolve disputed facts." *Richard M. v. Patrick M.*, 248 Ariz. 492, 498, ¶ 23 (App. 2020); *Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 282, ¶ 12 (App. 2002).

II.      The Trial Court's Findings Were Supported by the Evidence and
         Were Not Contrary to Law.

¶10      Father claims the trial court discounted his expert's testimony
that he was not sexually deviant, failed to properly consider paternal
grandmother's and aunt's observations regarding his previous bonded
relationship to J.A.A., and did not properly weigh J.A.A.'s veracity against
his denials of improper behavior and the lack of corroborating evidence of
abuse.  These assertions ask this Court to reweigh the evidence presented
at trial, which we will not do.  *See Jesus M.*, 203 Ariz. at 282, ¶ 12.  We find
no abuse of discretion.

III.     The Trial Court Erred by Failing to Make Findings Under § 25-
         403.03.

¶11      Father next argues the court abused its discretion by
"bootstrapping" J.A.A.'s testimony to its determination of parenting time
with J.A. and L.A. and not allowing frequent and meaningful parenting
time with J.A. and L.A.  These arguments fail, but we vacate the court's
parenting time order because the court failed to make findings under § 25-
403.03.[1]

¶12      Generally, although courts must "adopt a parenting plan that
provides for both parents to share legal decision-making regarding their
child and that maximizes their respective parenting time," they must do so
"[c]onsistent with the child's best interests." A.R.S. § 25-403.02(B).  When
determining the child's best interests, the court must consider the factors
listed in § 25-403(A), which include "[w]hether there has been domestic
violence or child abuse pursuant to § 25-403.03." A.R.S. § 25-403(A)(8).  The
court may consider domestic violence or child abuse against other
children.  *See* A.R.S. § 25-403.03(B).  And "[i]f the court finds that a parent
has committed an act of domestic violence, that parent has the burden of
proving to the court's satisfaction that parenting time will not endanger the
child or significantly impair the child's emotional development." A.R.S.

---

[1]      Father has failed to provide "citation to supporting legal authority"
for his contentions regarding the parenting-time order as required by
ARCAP 13(a)(7).  This is an appropriate ground for this court to find these
arguments waived.  *See Sholes v. Fernando*, 228 Ariz. 455, 461, ¶ 16 (App.
2011).  However, Mother has not objected to this deficiency in Father's brief,
and in the exercise of our discretion we overlook the defect and will not
deem the arguments waived.  *See Delmastro & Eells v. Taco Bell Corp.*, 228
Ariz. 134, 137, ¶ 7 n.2 (App. 2011).

§ 25-403.03(F). In a contested legal-decision-making or parenting-time case, the court must make specific findings on the record about all relevant factors under § 25-403(A) and the reasons for which the decision is in the best interests of the child. A.R.S. § 25-403(B).

¶13 Here, sufficient evidence supported the trial court's findings regarding Father's abuse of J.A.A., and the court properly considered this factor in making its parenting-time order as to all three children. *See* A.R.S. § 25-403(A)(8); *see also* A.R.S. § 25-403.03(B) ("The court shall consider evidence of domestic violence as being contrary to the best interests of the child. The court shall consider the safety and well-being of the child and of the victim of the act of domestic violence to be of *primary importance*.") (emphasis added). Similarly, requiring parenting time to take place in Mother's and the Children's home state was within the court's discretion. *See* A.R.S. § 25-408(G) (stating that when a child is relocated, "[t]o the extent *practicable* the court shall also make appropriate arrangements to ensure the continuation of a meaningful relationship between the child and both parents") (emphasis added). However, the court did not make any findings pursuant to § 25-403.03(F), and such findings must be made on the record and cannot be presumed or implied. *DeLuna v. Petitto*, 247 Ariz. 420, 425, ¶¶ 18–19 (App. 2019). Accordingly, we must vacate the parenting-time order as to all three children and remand for reconsideration in accordance with § 25-403.03(F). *See id.*; *see also* A.R.S. § 25-403(B).

IV.    The Trial Court Did Not Err by Adopting Findings from the Temporary Orders.

¶14 Father argues the trial court erred by adopting findings from the temporary orders. He claims the court based its final order on hearsay evidence from the temporary orders that was not presented at the final hearing.

¶15 Father's opening brief does not identify the findings to which he refers as required by ARCAP 13(a)(7). However, the record does not appear to support Father's argument. In its order, the trial court only mentioned temporary orders in its recitation of the procedural history of the case. A court may judicially notice procedural facts. *See In re Marriage of Kells*, 182 Ariz. 480, 483 (App. 1995); Ariz. R. Evid. 201(b); *see also Matter of Ronwin*, 139 Ariz. 576, 580 n.4 (1983) ("We take notice that the cases exist, that allegations are made, etc. We cannot and do not take notice of the truth or falsity of specific allegations except as established by final judgment."). The court therefore did not abuse its discretion by noticing the procedural facts of the case.

V.    The Trial Court Did Not Err by Attributing Mother with Minimum Wage Income.

¶16        Father alleges the trial court erred by failing to impute income to Mother based on her prior employment before her return to college. "The decision to modify an award of child support rests within the sound discretion of the trial court and, absent an abuse of that discretion, will not be disturbed on appeal." *Little v. Little*, 193 Ariz. 518, 520, ¶ 5 (1999).

¶17        "[W]hen a parent is unemployed or working below his or her full earning potential, a trial court . . . may impute income to that parent, up to full earning capacity, if the parent's earnings are reduced voluntarily and not for reasonable cause." *Id.* at 521, ¶ 6; *see also* A.R.S. § 25-320 app. § 5(E) (2018) ("Guidelines"). "[T]he trial court may elect not to impute income to a parent if he or she is enrolled in reasonable occupational training that will establish basic skills or is reasonably calculated to enhance earning capacity." *Little*, 193 Ariz. at 521, ¶ 6; Guidelines § 5(E)(2).

¶18        The trial court accordingly had discretion to impute income to Mother while she completed her bachelor's degree. In any event, Father did not present any evidence at trial of Mother's income at previous jobs. Accordingly, the trial court did not abuse its discretion by attributing minimum wage income to Mother.

VI.   Father Waived his Disclosure and Pleading Arguments by Not Bringing Them in the Trial Court.

¶19        Finally, Father argues that Mother failed to properly plead and disclose evidence presented at trial. He claims Mother did not provide proper notice of the details of J.A.A.'s allegations of molestation or the specifics about J.A.A.'s cutting behavior. Although Father claims he objected to the admission of this evidence, the record shows no objection. In fact, Father referred to J.A.A.'s allegations during his opening statement and elicited testimony on those issues during cross-examination of J.A.A. Because Father did not object at trial, he has waived this argument. *Odom v. Farmers Ins. Co. of Ariz.*, 216 Ariz. 530, 535, ¶ 18 (App. 2007) ("Generally, arguments raised for the first time on appeal are untimely and deemed waived.").

VII.  Fees

¶20        Mother requests an award of her attorneys' fees and costs, arguing Father's appeal was frivolous and Father has greater financial

resources than her.  *See* Ariz. R. Civ. App. P. 25; A.R.S. § 25-324(A).  In exercise of our discretion, we decline to award attorneys' fees or costs.

## CONCLUSION

**¶21** For the foregoing reasons, we affirm the trial court's order modifying legal decision making and child support.  However, we vacate the court's parenting-time order and remand for findings under § 25-403.03(F).

